*302
 
 Overton, J.
 

 delivered the following opinion of the court.
 
 The
 
 question in this cause is, whether, where but one line of a survey is marked, and greatly exceeds the distance called for in the grant, the other lines shall be made of equal distances, so the all corners shall be at right angles.
 

 
 *303
 
 According to the calls of the grant, the tract which contains 5000 acres, is in the shape of a parallelogram, the lines of which call for the cardinal points.
 

 On the part of the plaintiff, it is insisted, that it is the presumption of law, that the surveyor intended the lines of the tract to be at right angles. The act of November 1
 
 777,
 
 c. 1. s. 10, directs that all lands shall be surveyed at right angles to the cardinal points. This being the direction of law we must conclude that the surveyor intended to conform to that direction, as all officers are presumed to intend to do their duty.
 

 Therefore the third line of the survey must be of equal length with the first, which has been marked, and the corners made at its extreme points. It is admitted this line is too long; it is the only line that has been marked.
 

 There is no dispute about the second line running north. It is the third line, which it is contended should run so far east, as will from its termination, enable the surveyor, in making his fourth line, to run to the beginning; to close his survey at right angles.
 

 On the other side, the general doctrine recognized in Ten. Rep. 297, is insisted on.
 

 The court feels well satisfied the law is with the defendant. On the doctrine of presumption of law, this opinion arises, independantly of authority which is certainly in his favour.
 

 All officers, are in law, presumed to do their duty correctly and faithfully.
 

 As this is a question of intention in the surveyor, in relation to the boundaries designed it must altogether depend on presumption of law, as insisted on by the plaintiffs counsel. But it is believed this presumption works against him. In running the first line, the law presumes the line was made too long by mistake of the chain carriers; that it was unknown to the surveyor whilst the survey was making; for if he had found it out, we are bound to presume that he would have corrected the mistake. Progressing, then, in the survey, it did not follow that because the chain men made a mistake in the first line then unknown to the surveyor, that he would intend to make the third line as long as the first. In ascertaining boundary, the rule is, to find the lines and corners, if they ever were made, and if not, we must take as
 
 data
 
 such as have been made; and if there are no monuments to govern us, we must take the course and distance called for. We perceive no disorder in this process, until the last, or fourth line is to be run so as to close the survey.
 

 The distance of the third line must fee made longer, or we
 
 *304
 
 cannot observe the course called for in getting back to the beginning. The only question then is, which is to be abandoned, the distance of the third line, or the course of the fourth ? Thee distance of the fourth line is immaterial, as the survey must be made to close, whether the length of the line producing it be too long or too short. We are not to presume that the survivor or chainmen would mistake in the third line, as they did in the first, supposing the line had been run. Because one mistake it has been made, it is no reason that another should take place, especially, a deviation from intention, when in legal presumption the mistake was unknown to those employed in making the survey.
 

 But in fact, the third line was not run at all, and the law not presuming a second mistake or intended deviation, we are constrained to lay down that line at the distance called for, and also to presume that the intention of the surveyor when he made his return of the survey, was that, that line should be no longer. That he should have intended it to be actually as long as the first, is imposible unless we first admit that he knew at the time, the actual distance of the first line, which the law will not permit us to admit.
 

 In doing so, we should make the officer guilty of a crime, which is never presumed. It is equally clear, that the officer, when he returned his survey, intended that it should close by a line to be run from the eastern extremity of the third line to the beginning. Without closing, no land would have been included. To close then, was the first object in his mind, and he then believed, no doubt, that the line then closing would be to the cardinal points; in this he was mistaken, but as the primary object of the surveyor was to complete the survey by closing the lines, the course must be abandoned, for both distance and course cannot stand together
 
 ;
 
 and whether one or the other shall give way, must in each each case depend upon the intention of the surveyor, to be collected from the grant, and the facts.
 

 When lines are actually marked, though varying from the course, then the course must. be abandoned, In fine, wherever the fixing of boundaries is the question, it must be done by ascertaining the intention of the surveyor, to be collected from proof of marks, and when they fail from presumptions of law. In this case the second line will be run north the distance called for, then east the distance called for, and then to the beginning a straight line, let the course be as it may.
 

 The defendant must therefore have judgment.