[No. 3,576.]

## D. O. MILLS ET AL. *v.* CHARLES LUX ET AL.

45  273
79  355
45  278
128  618

CONFLICT OF EVIDENCE ON MOTION.—When, on a motion made in the Court in which a partition was made, to fix the true boundary line between two of the parties, the evidence is conflicting, the determination of the Court below will not be disturbed on appeal.

BOUNDARY LINES IN DECREE OF PARTITION.—When, in a judgment of partition, a boundary line between two of the parties is described as passing along a visible object, and is also described by courses and distances, the latter must yield to the former.

APPEAL from the District Court of the Twelfth Judicial District, County of San Mateo.

The above case of *Mills et al.* v. *Lux et al.,* was an action for partition of the Burri-Burri ranch, in San Mateo County. There were a large number of parties, of whom Owen McMahon and Patrick Brooks were two, and there was partitioned to them in severalty adjoining tracts of land. The decree described the boundary line between their several tracts by making it follow the line of a fence, and also by courses and distances. It appeared that the courses and distances did not follow the line of the fence, and McMahon filed an affidavit stating that he and Brooks could not agree on the line, and that Brooks had taken possession of several acres of land belonging to him, and asking that the Court determine the true line and have it surveyed and marked out, and compel Brooks to restore possession. · The Court below held that the fence was the true line, and had a survey made on that line and a map thereof made and filed

with the partition decree, and directed McMahon to surrender to Brooks the land in his possession lying beyond the fence.

McMahon appealed.

*Campbell, Fox & Campbell*, for Appellant.

The general rule, that courses and distances must yield to monuments, which applies in the construction of deeds, is so applied for a reason which destroys its force when sought to be applied to a decree of Court. It is so applied, because " a party purchasing or selling land is presumed to be more likely to make mistakes in respect to course, distance, or quantity, than in respect to visible objects, which latter, from being mentioned in the deed, are presumed to have been examined at the time." (Phillips' Ev., C. H. & E. Notes, 783, and cases cited; *Colton* v. *Seavey*, 22 Cal. 496.) In a decree of partition, the object sought is to set apart a certain fixed and definite quantity, which can be arrived at only by measurement, which involves the necessity of accurate surveys, and consequently not only destroys the presumption upon which the rule is based, but creates a necessity for reversing the rule and making monuments yield to surveys.

*Edward F. Head* and *H. H. Haight*, for Respondent.

The rule that where courses and distances and monuments are both given, the latter is to govern, is too well established to need any reference to authorities. ( *Colton* v. *Seavey*, 22 Cal. 296; *Franklin* v. *Dorland*, 29 id. 178; *Piercy* v. *Crandall*, 34 id. 344; *Walsh* v. *Hill*, 38 id. 483.)

By the COURT:

We understand the original decree of partition to have established the partition line between the parties by calling

for a fence, the location of which was also attempted to be described by courses and distances; and some portion of the fence having disappeared or been removed, the Court below heard testimony to ascertain its true location, and the evidence as to its location being conflicting in its character the determination of the matter of fact will not be disturbed on appeal.

In our opinion, in construing a decree of partition, no less than in a deed, courses and distances must yield to visible monuments.

Order affirmed.