WILLIAM O. PLATT, PLAINTIFF IN ERROR, v. MARY J. BENTE ET AL., DEFENDANTS IN ERROR.

A call in a deed for a line running from a street at right angles thereto is not varied because the next call is for a distance of thirty feet, more or less, from the end of the line to a monument, when in fact the end of the line, run at right angles, is thirty-three feet and six inches from the monument.

On error to the Union Circuit Court.

For the plaintiff in error, *T. D. Hodges.*

For the defendants in error, *Gilhooly & Marsh.*

The opinion of the court was delivered by

REED, J: This cause was tried before Mr. Justice Van Syckel at the Union Circuit, a jury being waived. It involved the title to a long, wedge-shaped strip of land in the city of Elizabeth. The plaintiff and defendant owned adjoining lots, each fronting thirty feet on Fay avenue, and running back a distance of one hundred and fifty feet to the road of the New Jersey Railroad and Transportation Company. The point of division of these lots on Fay avenue is not in dispute. The point of division on the railroad is the ground of contest.

Bente, the plaintiff below, whose title is the earlier, has a deed which calls for a line running from Fay avenue at right angles to said avenue. A line run at right angles to Fay avenue will include within the description in plaintiff's deed the *locus in quo.* The defendant's contention is that this call for a line running at right angles to Fay avenue is controlled by a subsequent call in the plaintiff's deed for a distance of thirty feet. To understand the significance of this point, it is necessary to have in mind the following facts. Both the lots of plaintiff and defendant belonged to one William J. Patterson. He bought fifty feet on Fay avenue from one Prudence Allen, in 1872, who had bought from Otis Woodruff, in the same year. Patterson bought also, in 1872, an additional strip

of ten feet, fronting on Fay avenue, from Otis Woodruff. He then owned a lot sixty feet in width on Fay avenue, and running back one hundred and fifty feet to the railroad. Fay avenue runs nearly east and west. The westerly line of this lot was a well-established line, known as Fay and Woodruff dividing line, and called for in the deeds as the most westerly line of Otis Woodruff's land. This line does not run at right angles to Fay avenue, but its end on the railroad is three feet six inches distant westward from the point which it would have reached had it run at right angles. So it is perceived that a lot fronting thirty or sixty feet on Fay avenue, and bounded on the west by this Woodruff line, which does not run at right angles, and on the east by a line which runs at right angles to Fay avenue, would, on reaching the railroad, have a width of thirty-three feet six inches, or sixty-three feet six inches.

William J. Patterson, owning this lot sixty feet in width on Fay avenue and sixty-three feet and six inches on the railroad, in 1872, made a mortgage covering the westerly part of this lot. This mortgage was foreclosed, and the plaintiff below holds the title to the mortgaged property by purchase from the purchaser at the foreclosure sale. The description contained in the mortgage begins at a point at the intersection of the Woodruff line with Fay avenue, runs east along said avenue thirty feet; thence south and at right angles to Fay avenue one hundred and fifty feet to the line of the railroad; thence along said last-mentioned course thirty feet, more or less, to the southwest corner of said Woodruff's land upon the railroad; thence north along the west line of said Woodruff's land, one hundred and fifty feet, to the place of beginning.

The claim of the plaintiff in error is that inasmuch as the actual distance from the southerly end of a right angular line to Woodruff's line is thirty-three feet six inches, instead of thirty feet, therefore the second course should be varied so as to make the distance thirty feet only.

I am of the opinion that this contention is not sound. The second call for a line running at right angles to Fay avenue is

not controlled or modified by the subsequent call for a distance of thirty feet, more or less, from the end of the right angular line to the Woodruff line.

It appears, in all the conveyances introduced in evidence, that from the time of the conveyance of the fifty-foot lot to Patterson it was the intention that the boundaries of all lots eastward of the Woodruff line should run at right angles to Fay avenue.

The defendant's lot has its eastwardly boundary running at right angles with this avenue, and so he gets his thirty feet on the front and rear of his lot, as called for in his deed, if we run the westerly line of his lot, which is the eastwardly line of plaintiff's lot, at right angles also.

There is nothing appearing upon the face of the deeds to the plaintiff which modifies the call for the eastwardly boundary of his lot as a line running at right angles to Fay avenue. Nor is there any force to be attributed to the claim of defendant that there has been a practical location of the premises inconsistent with the construction of the plaintiff's deed. The answer to such a defence is double. First, such a defence is permissible only when there is uncertainty or ambiguity in the description contained in the conveyance; here there is no such uncertainty. Second, the question of practical location is a question dependent upon the facts found, and there is nothing to show how the facts were found in the Circuit Court.

As to points taken by the defendant below relative to the want of parties in the foreclosure procedure through which the plaintiff makes his title, there seems to be no substance in those objections.

I think the conclusion of the Circuit Court was correct, and the judgment therein should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, DIXON, MAGIE, PARKER, REED, SCUDDER, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER.   13.

*For reversal*—None.