C. J. COWLES v. J. M. REAVIS.

*Will, Probate and Construction of—Power to Convey—Executors—Boundary—Evidence.*

1. A will, with two subscribing witnesses, admitted to probate in common form prior to 1856, upon proof by one of the said witnesses, was properly proven.

2. A will devised certain lands to widow of testator for life, with power to the executors therein named (of whom the life-tenant was one) to sell and convey after the termination of the life-estate: *Held*, that the deed of the surviving executor was valid to convey the land, though the death of the widow was not proved, that fact being presumed.

3. A beginning corner of a tract of land may be established by commencing the survey at any other known corner or point of the tract.

4. A call for the beginning corner, that corner being established, requires the line to be run to that point irrespective of the distance named in the call.

CIVIL ACTION, tried before *Graves, J.,* at the Fall Term, 1891, of the Superior Court of WILKES County.

The plaintiff alleged that he was the owner of certain land described by metes and bounds in the complaint.

The defendant, by his answer, denies the allegations of the complaint and says that he is the owner of two tracts of land adjoining land of the plaintiff, set out by metes and bounds in the answer, and if any portion of these tracts is covered by the boundaries alleged in the plaintiff's deed, then he is in possession of that portion of said land, and has been in possession for more than seven years under color of title, and is the owner thereof.

At the trial the plaintiff offered in evidence a grant from the State to David Mickle, which he alleged covered the land in controversy. He then offered the will of David Mickle, dated August 13th, 1840, attested by two subscribing wit-

109 — 27

nesses, but only proved by one. The will is set out in the complaint, in which he gives certain property, including his " home tracts of land," to his wife Lucy Mickle for and during her life, and, among other things, he directs as follows: " I want my executor, hereinafter named, after the death of my beloved wife or widow, to sell the remainder of the estate, both real and personal," and divide the proceeds as directed by said will. He appoints his wife Lucy Mickle and his son Moses L. Mickle "executors of this my last will and testament." The subscribing witnesses were Joshua Fletcher and W. Mastin, and the certificate of probate was as follows : " The execution of the within will was proved in open Court by William Mastin, one of the subscribing witnesses thereto, and ordered to be recorded."

The defendant objected to the introduction of this will, and insisted that there was no sufficient probate. Objection overruled, and defendant excepted.

The plaintiff then offered in evidence a deed from Moses L. Mickle, one of the executors named in the will of David Mickle, which recited that said land was sold under the authority of said will. The defendant objected to the introduction of this deed because it was executed by only one executor, and because there was no evidence of the death of the life-tenant. Objection overruled, and defendant excepted. The call of the grant from the State and the deeds under which the plaintiff claims was as follows:

' " Beginning at a red-oak, Adison Foster's south-east corner, running south 76 poles to a white-oak; thence west with Hays' line 60 poles to a stake; thence south 60 poles to a stake; thence west 40 poles to a stake; thence south 112 poles to a stake; thence east 80 poles to a stake; thence south 112 poles, with Joseph Law's, to a pine; thence east __ poles to a white-oak, Brock's line; thence with his line 180 poles, to a poplar; thence west with Law's line 125 poles, to the beginning, containing 200 acres, more or less."

The red-oak at the beginning corner could not be found, as all the land, where it was, had been cleared and cut down. There was much evidence tending to locate the white-oak in Hays' line, the Hays line west of the pine in Mickle and Lane's line, the white-oak in Brock's line, and the corner poplar of Mickle being his south-east corner.

The defendant asked the following instructions, among others:

"2. In this case the beginning corner of plaintiff's grant must be located at the south-east corner of the Adison Foster tract (and it cannot be at any other point on the line of said Foster's land.)

3. That if the jury failed to find the south-east corner of the Foster tract from the evidence, then the plaintiff must fail, the Surveyor Somers and the plaintiff both being sworn; that if the beginning corner is the south-east corner of any tract located on the plat or shown in evidence, that then the plaintiff's grant would not cover any land in controversy.

4. That in any aspect of this case the last call of plaintiff's grant with John Law's line from the poplar, must stop at the end of 125 poles, the distance in the grant.

5. That if the jury fail to locate the south-east corner of the Foster tract, but find from the evidence that the poplar in the last call of the plaintiff's grant is proven, then the beginning corner could not be nearer the defendant's land than where the distance gave out in running the calls of the line from the poplar."

His Honor modified the second instruction by striking out the words in parenthesis, and refused to give the third, fourth and fifth. His Honor further charged the jury on the question of the boundary as follows: "What are the boundaries, are questions of law to be settled by the Court; but where the boundaries are, are matters of fact for the jury. That the true and only beginning corner of plain-

tiff's deed is the south-east corner of the Adison Foster tract, and here the jury must begin, but it is for the jury to locate said corner and say where it is. That having located the south-east corner of Adison Foster's tract, they must begin there and run the course and distance called for in the deed; stopping at the end of the course and distance, unless some natural object, line, etc., was called for, when they must run to the object called for regardless of course and distance." He then charged the jury, with this rule to govern them, that they must run according to the calls of the deed; that in running the last call, thence west from the poplar with John Law's line 125 poles to the beginning (which calls are set forth in the plat), they must commence at the poplar and run with Law's line to the beginning (it having been established), whether the number of poles gave out or not before reaching the beginning. There was much more of the charge not necessary for this case. Motion for a new trial by the defendant, assigning as error—

1. The ruling of the Court in admitting the will of David Mickle.

2. Admitting the deed duly executed by one of the executors.

3. For failure of Court to give instructions 2, 3, 4 and 5, asked by defendant.

4. Because the Court declined to tell jury in running last call from poplar that they must stop at the end of 125 poles.

Judgment for plaintiff. Appeal by defendant.

Mr. C. Manly, for plaintiff.
Mr. R. Z. Linney (by brief), for defendant.

DAVIS, J.: It appears upon the face of the will that there were two subscribing witnesses, and it was sufficient to pass the real estate of the testator. It is certified by the Clerk

that it was proved in open Court by one of them, and this is sufficient evidence of probate. *Harven* v. *Springs*, 10 Ired., 180, and cases cited. The will was proved in common form, prior to 1856, and is governed by Chapter 122, Section 6 of the Revised Statutes, which authorized the probate in common form by one subscribing witness, and not by Chapter 119, Section 15 of The Revised Code. *Jenkins* v. *Jenkins*, 96 N. C., 254. The case of Gerard's Will, 2 Haywood, 144, cited by counsel for defendant, has no application. That case only decides that the will must be proved in the Court of the county in which the deceased resided. It was there proposed to prove the will of Gerard, who resided in Edgecombe County, in the Superior Court of Halifax County, and the Court held that that could not be done. Nor is the case of *Leatherwood* v. *Boyd*, 1 Winst., 123, like this. PEARSON, C. J., says, that "Had the certificate stopped after the words, 'the last will and testament of John Leatherwood was duly proved in common form by the oath of R. A. Edmundson, one of the subscribing witnesses thereto,' it would have been sufficient, for the presumption is that the Court knew how to take the probate of a will, and saw that it was properly done. But if there be anything on the face of the proceedings to show the contrary, that will rebut the presumption." In that case the certificate stated further facts that rebutted the maxim, *omnia presumunter rite esse acta*. In this case nothing appears in the certificate to rebut the presumption. *Marshall* v. *Fisher*, 1 Jones, 111. The first exception was properly overruled.

The second exception is, that the deed from Moses L. Mickle was improperly admitted, because executed by only one of the executors, and it does not appear on the face of the deed that the life-tenant was dead. It appears from the will itself that the deed could be only made by the executor Moses L. Mickle, for the executrix was the tenant for life, and the land was to be sold after her death. But Chapter 46,

Section 40, was in force at the time, and expressly authorized the surviving executor to sell, and this exception cannot be sustained.    Nor is there any force in the objection that it does not appear from the deed that Lucy Mickle, the devisee for life, was dead.    This will be presumed.    1 Greenleaf Ev., § 20; *Hughes* v. *Hodges*, 102 N. C., 262.

The third exception is to the refusal of the Court to give instructions numbered 2, 3, 4 and 5, asked by the defendant. It is too clear to need citation of authority that if the beginning corner has been destroyed, as in this case, it is competent, in order to ascertain the true boundary, to survey the land by beginning at any known corner or point from which the boundaries may be located, and the second instruction asked for was given as far as the defendant was entitled to it.    The 3, 4 and 5 instructions were properly refused, and the charge of his Honor upon the question of boundary covered all that the defendant was entitled to.    The last call was 125 poles to the beginning, and the beginning point having been established, the line must extend to or stop at it, regardless of distance.                                    No error.