[No. 14042.    Department Two. — January 2, 1892.]

JOHN ANDERSON, APPELLANT, v. H. A. RICHARDSON, RESPONDENT.

BOUNDARIES — MONUMENTS REFERRED TO IN DEED — EVIDENCE — CONTRACT OF SALE — AGREED SURVEY — PAROL PROOF. — Where a deed, in describing the boundaries of the land surveyed, refers to artificial monuments, it is not error for the court, in an action of ejectment by a successor to the title of the grantees, to admit in evidence, for the purpose of identifying and locating the monuments, a written contract by a former owner of the land with one of the grantees to convey the land as soon as a proper survey could be made; together with parol evidence that a surveyor was selected by the parties to make the survey; that he located on the ground the stakes referred to in the deed; that the description given in the deed was made from the report of his survey; and that the deed was executed in performance of the agreement to convey; and further evidence to identify the location of the stakes set in making the survey.

ID. — MONUMENTS CONTROLLING COURSES AND DISTANCES — SIGHT OF MONUMENTS. — Monuments mentioned in a deed, in describing the boundaries of the land granted, control both the courses and distances given in the deed, if there is any conflict, without regard to whether, in fact, the monuments were seen by the parties to the deed or not.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Thomas Rutledge, W. E. McConnell,* and *J. A. Barham,* for Appellant.

*H. A. Powell, A. B. Ware,* and *T. J. Geary,* for Respondent.

DE HAVEN, J. — Action of ejectment, and the matter in dispute is as to the true location of the line separating the land of plaintiff from that of defendant. The defendant recovered judgment.

1. It appears that on March 22, 1882, the Gualala Mill Company and William Bihler were the owners of the land described in the complaint, and upon that day conveyed the same to Platt and Boyd, to whose title the plaintiff has succeeded, and the real question in controversy is, whether any part of the land of which defendant is in possession, and to which he claims title, is within the description contained in the deed made by said mill company and Bihler to the grantors of plaintiff. The description of the land so conveyed to the grantors of plaintiff, so far as necessary to be here stated, is as follows: "Commencing at the upper gate-post on the county road leading from Fisk's Mills to Fisherman's Bay, . . . . thence north 36½° west, 51 chains, to a stake with rock mound on shore; thence leaving the shore, north 37° 10′ east, 100 chains, to a stake; thence . . . . to a redwood tree with three stems; . . . . thence . . . . to Kruse & Uhler's fence," etc.

It will thus be seen that in describing the boundaries of the land conveyed, the deed refers to certain artificial monuments, and for the purpose of identifying them and ascertaining their location, the court admitted in evidence a written agreement, dated January 23, 1882, made by the Gualala Mill Company with one Boyd (one of plaintiff's predecessors), whereby the mill company agreed to convey to said Boyd within sixty days, or as soon before that time as a proper survey could be made, a por-

tion of the German rancho. In connection with this written agreement, the court also admitted parol evidence to the effect that one Wackenreuder was selected by the parties to make the survey, which he did, and that he located on the ground the stakes referred to in said deed, and that the description given in the deed was made from the report of his survey. It was also shown that the deed to Boyd and Platt was executed in performance of the former agreement to convey to Boyd. There was also evidence given by one of the persons who assisted in the Wackenreuder survey, as to the exact location of the stakes set in making that survey. All of this evidence was competent. The deed made by the mill company and Bihler to Boyd and Platt refers to certain artificial monuments on the ground, and which, necessarily, must have been erected by some one before its date. The evidence of the prior contract and the survey of Wackenreuder were relevant and competent for the purpose of identifying these monuments, and when identified, such monuments would control both the courses and distances given in the deed, if there was any conflict. It is not a material circumstance that Boyd did not in fact see the line as actually located on the ground by the Wackenreuder survey. The monuments are controlling, whether in fact seen by the parties to the deed or not.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.