DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 14462.  In Bank. — March 25, 1892.]

## SIMON STOLL ET AL., RESPONDENTS, v. ANNA J. BEECHER ET AL., APPELLANTS.

EJECTMENT — BOUNDARY — LOCATION OF STATION — QUESTION OF FACT — FINDINGS. — In an action to recover the possession of land, the question as to the proper location of a station on the boundary, described in plaintiffs' title deeds as a natural monument, is one of fact to be determined from all the evidence in the case; and where the plaintiffs claim the land under a patent and survey describing such station as located on the seashore, and the defendants contend that it is located in an arroyo, as determined by the courses and distances, thus excluding the land in controversy from the patent, a finding by the court that the plaintiffs are the owners of the land in controversy necessarily involves a finding that the station is located as claimed by the plaintiffs.

ID. — CONFLICTING EVIDENCE — MONUMENT CONTROLLING COURSES AND DISTANCES. — Where there is a conflict in the evidence as to the true location of a station on the boundary of a rancho, which is described in the title deeds of the rancho as a natural monument, and is located elsewhere by the courses and distances specified in such title deeds, the natural monument will control.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court. .

*A. J. King*, and *R. Dunnigan*, for Appellants.

*D. L. Russell*, and *W. S. Waters*, for Respondents.

PATERSON, J. — This is an action to recover posses-
sion of a tract of land in Los Angeles County. It is
described in the complaint and in the judgment as fol-
lows: "All that certain tract of land in said county
lying between Promenade Avenue on the east, and the
line of ordinary high-water mark of the Pacific Ocean
on the west, and between the lines of Ocean Avenue on
the south, and Front Street on the north, according to
the map of South Santa Monica, made by Rumble and
Gaertner, surveyors, . . . . to which map reference is
made for further description and certainty; the lines
of said Ocean Avenue and of said Front Street being
considered, however, as extended westerly to the said
line of ordinary high-water mark on the Pacific Ocean."

Judgment was entered in favor of the plaintiffs, and
the defendants have appealed from the judgment, and
from an order denying their motion for a new trial.

The only point made by appellants is, that the find-
ings are contrary to the evidence. There are no specifi-
cations in the statement as to the insufficiency of the
evidence, but as no objection has been made on that
ground, we proceed to consider the merits of appellants'
contention.

It is claimed by appellants that neither the patent of
the rancho La Ballona, nor the deed of Nancy T. Lucas,
includes in its description any of the land in contro-
versy. Whether this contention be sound or not, de-
pends upon the question as to the proper location of
station 31 of the Ballona rancho. Appellants contend
that it is located in an arroyo on the bluff above the
seashore.

The question was one of fact to be determined by the
court on all the evidence in the case. In finding that
plaintiffs were the owners of the land in controversy,
the court necessarily found that the station was not on
the bluff, but on the seashore; and we think the finding
is supported by the evidence.

The northwest corner of the Ballona rancho is iden-
tical with the southeast corner of the rancho Santa

Monica y San Vicente.   The description of the land in the patent of the Santa Monica rancho commences with the words, "Beginning on the *seashore* at station No. 31 of the Ballona rancho." The decree of confirmation recited in the patent of the Ballona rancho describes the land as "a certain tract of land in Los Angeles County, west of the city of Los Angeles about three leagues, and *bordering on the seashore,* called the Ballona." The plat referred to in the patent shows that the northwest corner of the rancho is on the seashore, as stated in the patent of the Santa Monica y San Vicente, and all of the agreements, decrees, and conveyances through which plaintiffs deraign title tend to establish the same fact.   Wright, a witness for plaintiffs, testified that he was a surveyor, and had surveyed the land; that the west line of the rancho, as shown in the patent, survey, and map, was not the same as it was shown to be in the survey and map of South Santa Monica; that "the west line of the patent includes the land in controversy." Fisher, a surveyor called on behalf of defendants, testified on cross-examination that "the boundaries, as called for in the title deeds of plaintiffs (which are here now shown), embrace and include the land in controversy, the west line, as called for in said title, being the Pacific Ocean, and the lands in controversy being east of and above the line of ordinary high-water mark of said Pacific Ocean. If the entire west line from the point where the southern boundary of the La Ballona intersects or touches the Pacific Ocean was run in accordance with the calls, courses, and distances as called for in the patent and survey of said La Ballona rancho, to station 31, its northwest corner, then, in that case, the land in controversy would lie east of and above said line so run." All the witnesses testified that if station No. 31 were located at ordinary high-water mark on the seashore, as called for in the survey and patent, and the west line of the rancho were run according to the calls, courses, and distances given in the survey, all of the land in controversy would be east of and above said west line; and that if

the lines of Ocean Avenue and Front Street were extended westerly to the line of ordinary high-water mark, all the land in controversy would lie between the lines of said Ocean Avenue and Front Street so extended, and above and east of the line of ordinary high-water mark.

It is true, four of the five witnesses testified that station 31, according to the courses and distances given in the survey, is located in the arroyo on the bluff; but the most that can be said is, that there is a conflict in the evidence. Where there is a conflict as to the true location of a station which is described as a natural monument, and is located in a different place by the courses and distances, the natural monument will control.

It is claimed by appellants that the deed from Andres and Rafael Machado to Nancy T. Lucas did not embrace the land described in the complaint. This contention, also, is based upon the assumption that the southeast corner of the Santa Monica y San Vicente and the northwest corner of the Ballona is in the arroyo, and not on the seashore. The deed and the decree correcting the same (entered long prior to the commencement of this action), in describing the land, both say: " Commencing at a point on the seashore of the Pacific Ocean," etc.

The description of the land sought to be recovered was properly amended. The assumed extension of the lines of the streets fixed with certainty the exterior boundaries of the tract, and rendered it unnecessary to locate them by courses and distances.

The affidavits set out in the transcript are not authenticated, as required by our rule, and need not be considered. A glance, however, is sufficient to show that they allege matters clearly incompetent.

Judgment and order affirmed.

SHARPSTEIN, J., HARRISON, J., McFARLAND, J., and GAROUTTE, J., concurred.

Rehearing denied.