[No. 19212. Department One.—November 14, 1893.]

D. D. BLACKBURN ET AL., RESPONDENTS, v. ANDREW NELSON, APPELLANT.

BOUNDARY LINE—LOCATION OF DESTROYED POST—COURSE AND DISTANCE FROM STARTING POINT.—Where the boundary lines of a tract of land are described in a survey as commencing at a marked post and running thence west a specified distance to a second marked post, thence south another specified distance to the corner of four sections, and there is no dispute either as to the location of the first marked post or the termination of the west line of the tract at the point where the four sections corner, but the second marked post is destroyed, it should be located by running west the specified distance from the first marked post, and not by running north the specified distance from the corner of the four sections mentioned.

ID.—CONFLICT BETWEEN GRANT SURVEY AND GOVERNMENT SURVEY.— Where there is a conflict between the surveyed exterior boundaries of a Mexican grant and a subsequent government survey the grant survey must prevail.

ID.—LOST MONUMENT—COURSE AND DISTANCES—MONUMENT AT TERMINATION OF LINE.—Where a monument of a survey has been lost, and cannot be located by oral testimony, the location by monument is valueless,

and the course and distance given for its original location is neces-sarily controlling, and if a west line running south from the lost monu-ment cannot have the course and distance given it without shortening the north line, then, as between the two lines the course of the west line must give way, as terminating at a controlling monument.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court,

*Wilcoxon & Bouldin,* for Appellant.

*Graves & Graves,* for Respondent.

GAROUTTE, J.—Action to quiet title. The appeal is taken from a judgment in favor of plaintiffs, and the only question involved is as to the location of the western boundary line of the Rancho Paso de Robles.

The rancho was surveyed in 1859, and its boundary lines, as far as it is necessary to examine them for the purposes of this case, are described as commencing at a post marked P. R. No. 3, then west 84 chains and 20 links to a post marked P. R. No. 4, thence south 255 chains 87 links to the corners of sections 31, 32, 5, and 6. There is no dispute either as to the location of P. R. No. 3 or the termination of the west line of the tract at the point where the four sections corner, but the post marked P. R. No. 4 is destroyed, and this litigation is the result, for the location of the corner where that post originally stood is determinative of the merits of this case. The township of government land lying immediately west of the aforesaid rancho was surveyed and sectionized in 1869, long after the title to the rancho was settled and its exterior boundaries finally located; hence if any conflict arises between these respective surveys the grant survey must prevail.

Appellant contends that P. R. No. 4 should be located by running north 255 chains and 87 links from the corner of the four sections mentioned. Respondents insist that the northwest corner of the rancho should be located by running west from P. R. No. 3 84 chains and 20

C. CAL.—22

o

links, and with this claim we agree. The northwest corner of the rancho is located by the patent at a post marked P. R. No. 4. It is also located as being 84 chains and 20 links west of a post marked P. R. No. 3. Hence it is not only located by a monument, but by course and distance. The location by monument is valueless, for the monument has disappeared. Hence the course and distance is necessarily controlling. If the patent had referred to no monument at this corner of the rancho, but had located the corner simply by the course and distance given, then no question could arise but that the corner should be 84 chains and 20 links west of P. R. No. 3, and the monument having disappeared, and there being no oral testimony as to its former location, the case is here presented as if no monument marked P. R. No. 4 was referred to in the patent. In locating P. R. No. 4 the court has followed the footsteps of the surveyor rather than to take the reverse course and run a north line from the common section corner, and this is the proper course. There is no reason why the north line of the grant should be shortened to 75 chains and 59 links, which is the point where appellant locates P. R. No. 3, and thus contradict the calls of the patent in this regard in order that the west line should run due south and conform to the calls of the patent. If the west line of the rancho cannot run due south without shortening the north line, then, as between the two lines, the course of the west line must give way, for it runs to a monument, and the monument is controlling. The question here presented is elementary, and we see no necessity for a citation of authority.

Judgment affirmed.

HARRISON, J., and PATERSON, J., concurred.