[L. A. No. 2536. Department One.—March 18, 1911.]

## SUSIE E. BIRK et al., Appellants, v. ELIZABETH A. HODGKINS et al., Respondents.

DEEDS—CONSTRUCTION OF DESCRIPTION—MONUMENTS CONTROL COURSES AND DISTANCES.—In the absence of anything clearly requiring a different construction, courses and distances named in a description in a deed must yield to fixed monuments.

ID.—LINE RUNNING TO FIXED MONUMENT.—Where a call in a deed is for a line running to a fixed monument, such line would be carried to that point, whether the distance required to do so were more or less than that named in the deed.

ID.—TRACING DESCRIPTION ON GROUND.—In attempting to trace the description on the ground, the court should follow the footsteps of the surveyor rather than to take the reverse course.

APPEAL from an order of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Bernard Potter, and H. H. Appel, for Appellants.

Anderson & Anderson, for Respondents.

SLOSS, J.—Action to quiet title to lots 1 and 2 of block V of the Mott tract in the city of Los Angeles. Lot 1 lies at the corner of First and Flower streets, and lot 2 adjoins it to the north. Each of the lots, as claimed by plaintiffs, has a frontage of sixty feet on Flower Street and a depth of one hundred and sixty-five feet. The court found that the plaintiffs Susie E. Birk and Rebecca Lee Dorsey, Jr., are the owners of all of lot 1 and the south 52.72 feet, front and rear, of lot 2, and that the defendant Elizabeth A. Hodgkins is the owner of "the south 45.7 feet of the north 376.19 feet of the east 165 feet of block V," the property so described including the north 7.28 feet of lot 2 as claimed by plaintiffs. Judgment was entered following these findings. The plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

The facts are undisputed, and the only question is whether the court below was justified in finding that the defendant Elizabeth A. Hodgkins, rather than the plaintiffs, was the owner of the strip of 7.28 feet on the northerly side of lot 2. On December 26, 1878, Prudent Beaudry, who was then the owner of the Mott Tract, conveyed to Victor Beaudry lots 1 to 16 inclusive in block V of said tract, according to a map of the tract recorded in the recorder's office of Los Angeles County. The map designated block V as a parallelogram 480 feet in length by 330 feet in width, bounded on the north by Court House Street, on the west by Grasshopper Street, on the south by First Street, and on the east by Flower Street. The block is, according to the map, divided into sixteen blocks. Eight of these, numbered from 1 to 8, have a frontage of sixty feet each on Flower Street, and run back 165 feet, or half the distance to Grasshopper Street. Lots 9 to 16 have a like frontage on Grasshopper Street and a depth of 165 feet to the rear lines of lots 1 to 8. All of the streets running east and west are shown on the map to have a width of sixty feet, with the exception of First Street which is sixty-eight feet wide. It was stipulated at the trial that the frontage of block V on Flower Street, by actual measurement, is 488.91 feet, instead of 480 feet as shown by the map.

On March 8, 1886, Victor Beaudry, who by virtue of the deed from Prudent Beaudry had become the owner of the entire block, made a conveyance to M. E. Hodgkins and E. T. Wright of the following property: "That certain piece and parcel of land situated in the city and county of Los Angeles, state of California and more particularly described as follows: Commencing at a point at the intersection of Court House Street and Flower Street, said point being the northeast corner of block 'V' of Mott Tract of said county, and running thence along the southerly line of Court House Street north 52 50' west 253.84 feet to the intersection of Court House Street and Pearl Street; thence along the easterly side of Pearl Street 57 12' west 217.28 feet to an angle in the easterly line of Pearl Street; thence along said easterly line of Pearl Street south 37 27' west 292.02 feet to a point at the intersection of Pearl Street and First Street; thence along the northerly line of First Street south 52 47' east 163.28 feet to a point in the northerly line of First Street; thence north 37 21' east

CLIX Cal.—37

120 feet to a point; thence south 52 47′ east 165 feet to a point in the westerly line of Flower Street; thence along said westerly line of Flower Street north 37 21′ east 376.19 feet to the place of beginning." On July 10, 1886, Victor Beaudry conveyed to Frederick William Sparr, "the following described property, to wit: Commencing at the northwesterly corner of First and Flower streets at the intersection of the westerly line of Flower Street and the northerly line of First Street; thence north 37° 30′ east, 120 feet to a point; thence north 52° 30′ west, 165 feet to a point; thence south 37° 30′ west, 120 feet to a point; and thence south 52° 30′ east, 165 feet to the place of beginning, being lots 1 and 2, block 'V' Mott Tract." The defendant Elizabeth A. Hodgkins has succeeded to the interest vested in M. E. Hodgkins and E. T. Wright by the first of these conveyances, and the plaintiffs are the successors in interest of Sparr. Since the Hodgkins and Wright deed is the earlier in time, the sole question seems to be whether that deed conveyed the 7.28 feet strip in controversy. If this question be answered in the affirmative, it is of no consequence that the grantor, Victor Beaudry, undertook, on July 10, 1886, to transfer the whole of lot 2, including this strip, to Sparr, for he could not, of course, convey land which he no longer owned.

The street designated as Pearl Street in the Hodgkins and Wright deed is the one marked "Grasshopper Street" on the map. Its name has again been changed and it is now known as Figueroa Street. As actually laid on the ground, its course is not a straight line between First and Court House streets. After running northerly for over 200 feet from First Street, it is deflected at an obtuse angle to the east, thus making the Court House Street frontage of block V 253.84 feet and not 330 feet as shown by the map.

The description in the earlier deed begins at the northeast corner of the block, runs thence (1) along Court house Street to Pearl Street (2 and 3), along Pearl Street with its angle to First Street (4), easterly along First Street to a point marking the rear end of lot 1. It then (5) runs into the block on a line parallel with Flower Street 120 feet, thence (6) parallel to First Street to the westerly line of Flower Street, and (7) along said westerly line northerly 376.19 feet to the point of beginning. An addition of the distances contained in the

fifth and seventh courses shows that the description was drawn in the belief that the block was 496.19 feet in length along Flower Street, whereas its length in fact was and is only 488.91 feet. The third call, therefore, if given the length of 292.02 feet stated in the deed, would run 7.28 feet beyond the northerly line of First Street. The appellant claims, accordingly, that inasmuch as the line of First Street is a fixed monument (as was conceded by respondents at the trial), and, in construing descriptions, a call for fixed monuments will control courses and distances, the deed should be read as running, in the third call, to the true line of First Street, thence along said line to the corner of lot 1, thence at a right angle northerly 120 feet, thence at a right angle easterly to the west line of Flower Street, and thence along said line of Flower Street, to the point of beginning. So read, the description would exclude from the conveyance to Hodgkins and Wright all of lots 1 and 2.

We think this contention must be sustained. The rule that, in the absence of something clearly requiring a different construction, courses and distances named in a description must yield to fixed monuments, is thoroughly settled. (*Vance* v. *Fore,* 24 Cal. 435; *Mills* v. *Lux,* 45 Cal. 273; *Black* v. *Sprague,* 54 Cal. 266; *Anderson* v. *Richardson,* 92 Cal. 623, [28 Pac. 679]; *Bullard* v. *Kempff,* 119 Cal. 9, [50 Pac. 780]; *Taylor* v. *McConigle,* 120 Cal. 123, 126, [52 Pac. 159].) There is nothing on the face of the deed in question, nor is there evidence of any surrounding circumstances, which could afford any reason why this rule should not be given effect here. The corner which marks the beginning of the fifth call must therefore be taken to be on the line of First Street. Following out the description from that point, every call is found to fit the conditions as they exist on the ground, and the description closes perfectly. It is true that the distance named in the last call (376.19) is 7.28 feet longer than the actual distance. But here the call is for a line running to a fixed monument ("the intersection of Court House Street and Flower Street, being the northeast corner of block V"), and the line would, under the rule above stated, be carried to this point, whether the distance required to do this were more or less than that named in the deed. (*Cowles* v. *Reavis,* 109 N. C. 417, [13 S. E. 930].)

The respondents argue that the difference between the actual and the supposed length of the block requires that either the fifth or the seventh call be shortened by 7.28 feet, and that this creates an ambiguity which should be resolved in favor of the grantees under the earlier deed. But, when the description is rightly read, in the light of established rules of construction, and is applied to the topographical conditions shown to exist, there is no ambiguity. In attempting to trace the description on the ground, the court should "follow the footsteps of the surveyor rather than to take the reverse course." (*Blackburn* v. *Nelson,* 100 Cal. 336, [34 Pac. 775].) A following of the calls of the description, in their order, would clearly exclude from the granted property a piece 120 feet in width by 165 feet in depth. That the fifth call begins at the northerly line of First Street must be conceded. The line then runs north 37 21′ east 120 feet to a point. This point is not marked by any monument, and the only way to fix its location is by measuring along the given course for the required distance. So measuring and then following the sixth call to the line of Flower Street, we have the final call bringing us to a fixed monument, the location of which must control any error in distance. The facts presented in *Blackburn* v. *Nelson,* 100 Cal. 336, [34 Pac. 775], were in their essence the same as those here considered, and the views we have expressed are in harmony with the conclusion there reached. (See, also, *McNairy* v. *Hightour,* 2 Tenn. 302; *Platt* v. *Bente,* 49 N. J. L. 679, [10 Atl. 283].)

For these reasons, we are of opinion that the main finding attacked is not sustained by the evidence.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Angellotti, J., concurred.