[Civ. No. 1561.   Second Appellate District.—June 25, 1915.]

## C. C. HUNT et al., Respondents, v. JAMES L. BARKER et al., Appellants.

DEEDS — DESCRIPTION — INCONSISTENCY IN — MONUMENTS CONTROL COURSES AND DISTANCES.—If in running the lines as called for in the description in a deed upon the ground it should appear that the calls of distance and course are in fact inconsistent with natural monuments called for, such calls as to distance and course must yield to the latter, provided the location of such monuments can be found.  And the same is true with reference to natural boundaries, since they, as well as monuments, control calls of courses and distances in conflict therewith.

ID.—QUIETING TITLE—EVIDENCE—ERRONEOUS ADMISSION OF PUBLIC REC-ORDS OF CITY.—In an action to quiet title to certain land, the common source of title of the parties to which it is conceded was in a city, and the only question involved being whether the description in the deed from the city to one of the parties embraced the land in controversy, it was error to admit in evidence a petition of the predecessor of one of the parties addressed to the common council of the city expressing his desire to purchase a larger tract of land including the land in question, and a survey of the city surveyor together with a purported plat thereof, the power of the municipal council to convey the property being admitted, and there being no statute or ordinance requiring such petition, plat, or survey, and the description in the deed making no reference thereto.

ID.—DETERMINATION OF BOUNDARIES—REVERSAL OF COURSES AND IGNOR-ING MONUMENTS.—In such a case it was error for the court in de-termining that plaintiffs were the owners of the land in question to reverse the courses called for in the description in the deed, which it is claimed took precedence over defendants' deed, and to ignore natural monuments and boundaries called for therein.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.   S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellants.

C. A. Storke, for Respondents.

SHAW, J.—This is an action to quiet title, the complaint being in the usual form, alleging title in fee vested in plain-

tiffs and the assertion by defendants of an adverse invalid claim to an interest in the property.

Judgment went for plaintiffs, from which, and an order denying their motion for a new trial, defendants appeal.

The land, situated in the city of Santa Barbara, is a triangular-shaped parcel described in the complaint as follows:

"Beginning at a point which bears south 41½° west 60 feet from the south corner of block No. 365, of said city of Santa Barbara, as shown on the official map thereof, thence southeast along the line of Milpas Street if prolonged, 276 feet; thence westerly 471 feet to a point which bears south 41½° west from the place of beginning; thence north 41½° east 382 feet to the point of beginning, and containing 1.21 acres."

The claim of both parties is based upon deeds executed by said city of Santa Barbara, the admitted common source of title. It appears that on June 30, 1884, the city, by a quitclaim deed, conveyed to J. W. Kezer the parcel of land described in the complaint, and it is conceded that whatever title Kezer acquired by this conveyance is now vested in defendants. Notwithstanding this fact, the court found that plaintiffs were the owners of title in fee simple of the land described in the complaint, and that defendant's claim thereto was without any right whatever. The finding is based upon the theory that the parcel of land was embraced within a larger tract of land which the city of Santa Barbara, by quitclaim deed dated June 27, 1867, conveyed to one Patricio Bonilla, whose title to the entire tract plaintiffs had acquired by mesne conveyances, and hence at the time of executing the deed to Kezer on June 30, 1884, the city had no title to the property and therefore such deed was inoperative as a conveyance of title to the same. The property so conveyed to Bonilla was described in the deed as follows:

"All that tract of land situated on the coast, and adjoining the town plat of the town of Santa Barbara, bounded and described as follows, to wit: Beginning at the most southerly corner of Block No. 369, according to the survey of Haley of the town of Santa Barbara, at the west edge of a small hill, on the coast side, running thence: 1st. N. 41½°E. along the easterly boundary of Block No. 369 and 368, 13.50 chains, set forth as bank of creek; 2nd. S. 20° E.

along the west edge of slough 6.00. 3rd. S. 32° E. along 5.00 to a point in land at high-water mark; thence following ordinary high-water mark; 4th. S. 82½° W. 28.50, set forth in sand hill; thence 5th. N. 41½° E. 13.00 chains to the south corner of block No. 364; 6th. S. 48½° E. 7.73 chains to the place of beginning; containing fifteen 8/10 (15-8/10) acres according to survey.''

The word "forth," used in the first and fourth calls in this deed, is apparently a clerical error and, as claimed by respondents, should be read "post." Following the figures "6.00" in the second call and the figures "5.00" in the third call and "22.50" in the fourth call, should be added the word "chains," as it is apparent from the context that such word was omitted by inadvertence either in writing or recording the deed. Hence, defendants' objection to the introduction of the deed in evidence was properly overruled.

We have with great care examined the voluminous transcript of the record, as well as the lengthy, labored briefs filed by counsel for the respective parties. As we view the case, however, the sole and only question for determination, insofar as the rights of plaintiffs (who are respondents here) are concerned, is whether the description contained in this deed, corrected as above stated, embraces the parcel of land in dispute. The deed, insofar as it purports to describe the tract of land conveyed by the city to Bonilla, is free from ambiguity or uncertainty. If in running the lines as called for upon the ground it should appear that the calls of distance and course are in fact inconsistent with natural monuments called for, then such calls as to distance and course must, under the well-recognized rule, yield to the latter, provided the location of such monuments can be found. And the same is true with reference to natural boundaries, since they, as well as monuments, control calls of courses and distances in conflict therewith. (*Bland* v. *Smith* (Tex. Civ.), 26 S. W. 773; *Stoll* v. *Beecher*, 94 Cal. 1, [29 Pac. 332]; *Kimball* v. *McKee*, 149 Cal. 435, [86 Pac. 1089]; 4 Am. & Eng. Ency. of Law, p. 765.) Conceding there may be exceptions to this rule, no facts are established bringing the case within such exception.

By reference to the description it appears that the line commenced at the southerly corner of block 369 of the plat of the town of Santa Barbara, as surveyed by Haley; hence

this corner established by a recognized survey constituted a monument from which the line should be run along the easterly boundary of blocks 369 and 368, according to this Haley survey, to the bank of the creek, which is shown to exist, which likewise constitutes a monument. Thence along the courses called for to a point where the line would intercept the line of ordinary high-water mark of the Pacific Ocean, which point likewise constitutes a natural monument. Thence westerly following the line of ordinary high-water mark, which constitutes a fixed natural boundary (*Nixon* v. *Walter,* 41 N. J. Eq. 103, [3 Atl. 385]), to a point distant 28.50 chains. Thence to the southerly corner of block 364, which point, like the southerly corner of block 369, constitutes a fixed and recognized monument; and thence to the point of beginning. With the exception of the second and third calls in the deed, the course called for is an unnecessary element of description and, if inconsistent with the calls for natural or located artificial monuments and boundaries, should be disregarded, since by reason of such conflict the monuments called for constitute the essential elements of description to which distance and course must yield. (*Kimball* v. *McKee,* 149 Cal. 435, [86 Pac. 1089].) And so the course in the fourth call, since it is along a natural boundary, may, if inconsistent therewith, be disregarded. As to the fifth and sixth calls, both distance and course should be disregarded, if by adherence thereto we cannot reach the recognized and established monuments called for. Indeed, the only line where the course constitutes an essential element of description is in the second and third calls of the description for reaching the point thereby indicated on tide line; and the only line where distance is an essential element of description is in the fourth call for 28.50 chains along the line of high-water mark.

The lines thus run, however, do not embrace the land in dispute, and it is conceded that, observing the courses and distances called for, the lines will not close, which fact is a cogent reason for recognizing the monuments as the controlling factor in projecting the lines. Therefore, in order to include such parcel of land, plaintiffs insist upon a survey made by reversing the course, thus commencing at the southerly corner of block 369, running thence north to the

southerly corner of block 364; thence south 41½ degrees west (instead of north 41½ degrees east) a distance of 13 chains to a point which they designate upon a plat as station (10), *not shown, however, to be upon the line of ordinary high-water mark;* and from this point so distant 13 chains from the southerly corner of block 364, they retrace the line to a point distant 382 feet, from which point they run a line south 41½ degrees east, 276 feet; thence 471 feet to the point established as station (10), making a triangular parcel of land constituting that here involved. In thus running the lines they do not survey the entire Bonilla tract, and concede that if distance and course are adhered to in running the lines of such tract the monuments called for will not be reached and the lines will not close by upwards of one hundred links. Since plaintiffs' claim to the land is based upon the contention that it is embraced in the Bonilla tract, such fact must be established by a correct survey of the entire Bonilla tract, and not by a survey of a part thereof made in disregard of natural monuments and boundaries called for.

The ground upon which respondents insist that the lines, boundaries, and monuments as called for in the deed should not be followed is the alleged fact that the line of ordinary high tide of the Pacific Ocean, upon which the Bonilla tract fronts, has, since June, 1867, changed, by reason of which fact the third call for 5 chains on a course south 32 degrees east falls far short of the present line of high tide. From this it is argued that, since the measurement of 5 chains will not reach ordinary high tide line, it is not the line that existed in June, 1867; and it is likewise claimed that the entire high-water line has receded, by reason of which fact, if it be followed in making the survey, the northerly lines of the Bonilla tract must shift and change with the shifting high-water line. Unfortunately, however, plaintiffs offer no evidence tending to prove a change in the existence of such tide line, and in the absence of evidence tending to establish it we cannot presume such fact. On the contrary, the presumption is that no change has occurred in the line. Not only was there no evidence tending to establish such alleged fact, but evidence was adduced on behalf of the defendants which without contradiction strongly tended to prove that such line is identical with that exist-

ing in June, 1867, and that no change has occurred therein. This being true—and upon the record it must be so regarded—the 5 chains called for in the third call of the description must give way to such distance, whether greater or less, run upon the course specified, as may be required to reach the line of high-water mark, which, as stated, constitutes a natural monument; and since such ordinary high-water line (no change therein having been shown to have occurred since June, 1867), constitutes the natural boundary called for, the course, if inconsistent therewith, must yield to its control.

While in the absence of evidence touching the subject, the line of ordinary high-water mark designated as marking one of the boundaries of the Bonilla tract will, as stated, be presumed to be that existing when the deed was executed, nevertheless such presumption is disputable and may be overcome by any competent evidence showing a change therein. In other words, the inquiry, like that in case of a lost or removed artificial monument, is directed to a discovery of the point where it was located at the time when the deed was executed. Hence, neither encroachment nor recession of this ordinary high-water line, which in June, 1867, was designated as the natural boundary line of the tract conveyed to Bonilla, can have the effect of changing such boundary; but it developes upon plaintiffs, who challenge the identity of its present location with that existing in 1867, to establish the fact of such alleged change and then show where the line did in fact exist when so designated as such boundary.

Over defendants' objection, plaintiffs were permitted to introduce in evidence certain documents found among the archives of the city clerk, consisting of Bonilla's petition addressed to the common council expressing a desire to purchase the tract of land, and a survey made by W. H. Norway, city surveyor, together with a purported plat thereof. We are unable to perceive any reason for the reception of these documents in evidence. No attack is made upon the power of the municipal council to convey the property described in the deed, and our attention is not directed to any statute or ordinance requiring such petition, plat, or survey. The description contained in the deed makes no reference to the plat, and therefore it is no part of the deed (Code Civ. Proc. sec. 2077, subd. 6) ; and even conceding it to be inconsistent

with the description in the deed, it did not, since it was not recorded and no reference made in the deed thereto, constitute constructive notice that the city of Santa Barbara had parted with the title to the land prior to its conveyance to Kezer. As stated, the sole question is whether or not the description in the deed embraces the land described in the complaint, and since upon this record the land may be identified by a survey following the lines of the description contained in the deed, recognizing the natural monuments and boundaries as controlling factors in the description, such documentary evidence was immaterial. The finding of the trial court that plaintiffs were the owners of the land in question was based upon a partial survey of the Bonilla tract by a reversal of the courses called for in the description, and the natural monuments and natural boundaries called for therein were ignored. The record presents no facts or circumstances justifying the course thus pursued in making the survey. (*Davis* v. *Commonwealth Land & Lumber Co.*, 141 Fed. 740; *Birk* v. *Hodkins*, 159 Cal. 576, [114 Pac. 822]; *Den* v. *Graham*, 18 N. C. 76, [27 Am. Dec. 226; 5 Cyc. 878.)

The judgment and order are reversed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 24, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1915.