## No. 9820.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMMIT *v.* THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LAKE.

Decided March 7, 1921. Rehearing denied December 5, 1921.

Action involving the location of a county boundary line. Judgment for Lake county.

### *Affirmed.*

1. WORDS AND PHRASES—*Snowy Range.* The "snowy range" is the continental divide.

2. BOUNDARIES—*Call Points.* A call for point of beginning cannot be disregarded unless undeterminable or manifestly wrong.

   A call must not be disregarded unless to do so is unavoidable, and if any be disregarded, that one must be accepted which seems most reasonable and certain.

   If the point of beginning, or any other call is ascertained, the course will be extended or changed to meet the call.

*Error to the District Court of Lake County, Hon. Henry J. Hersey, Judge.*

Mr. CARL A. KAISER, Mr. WILLIAM C. ROBINSON, for plaintiff in error.

Mr. H. R. PENDERY, Messrs. EWING & ARNOLD, Mr. PAUL W. CRAWFORD, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is a dispute between the counties of Lake and Summit over the location of the boundary line between them. The whole controversy is over the point of beginning in the description of Lake County in the Act of 1861, "The northwest corner of the county of Park."

The accompanying plats show the situation accurately enough for the purposes of this opinion.

Plat A.

Note. This plat of Park County on a greatly reduced scale, is inserted to show the location of points A, C and M, to which reference is made in the opinion. Points A and C, are to be compared with the same·points on plat B.

Plat B.

Summit claims that the point A is the point of beginning, while Lake says it is at C. The point M might be a third rival for the honor but all concede that it was not intended.

The Act of 1861 (S. L. 1861, p. 52) divides the Territory of Colorado into counties and Park county is there described as follows, (p. 56, Sec. 30):

"Commencing at a point where the second correction line south intersects the Platte river; thence south to the third correction line south; thence west to the summit of the snowy range, east of the Arkansas river; thence in a northerly direction along the divide between the Arkansas and Platte rivers, and around the headwaters of the Platte river and its branches; thence easterly along the snowy range dividing the waters of the Platte from the waters of the Blue, to the point of intersection with the first correction line south; thence east on said correction line to the western boundary of Jefferson county; thence south on said boundary to the Platte river; thence up the center of said river to the place of beginning."

Lake county, at § 32, is described as follows:

"Commencing at a point on the summit of the Snowy Range, at the northwest corner of the county of Park, and running due west to the western boundary of the Territory; thence
\*        \*        \*        \*        \*        \*        \*        \*
To the summit of the range dividing the waters of the Platte and Arkansas rivers; thence northerly on said summit to the place of beginning."

The "Snowy Range" is the Continental Divide. *Grand County v. Larimer County,* 9 Colo. 268, 11 Pac. 193.

The "range dividing the waters of the Platte and the Arkansas" is marked "Park Range" on the map and ends at A. Beyond that point the range no longer divides the waters of the Platte and Arkansas, but those of the Platte and the Ten Mile, a tributary of the Blue: consequently, says Summit County, this course cannot be continued to meet the call "point of beginning" if C is to be taken as

that point, and therefore we must, it is claimed, disregard the call for point of beginning and begin and end the perimeter of Lake County at A.

The rule by which this may be done is a familiar one, but it is applicable only if the call for the point of beginning is undeterminable or manifestly wrong; otherwise the call cannot be disregarded. *Mayo v. Blount,* 23 N. C. 283; *Herrick v. Hopkins,* 23 Me. 217.

We must not disregard any call unless to do so is unavoidable. *Hord v. Olivari,* 5 S. W. 57. If we disregard any we must hold that which seems most reasonable and certain.

The northwest corner if not M, is C, because the evidence shows that the angle C projects further to the northwest than M or any other point in the boundary of Park County, and there is no point, other than C, except M, which answers the call at all. It is true that the final course, strictly construed, ends at A, but the Park Range then joins and becomes a part of the Snowy Range; at C the two ranges divide again, the Park Range running north and the Snowy Range or Continental Divide turning east. The range from A to C then might easily be regarded as either or both, and so we may justly be said to be on the same summit in continuing from A to C. There was a mistake, and it seems more likely that it was in extending the course than in locating the corner. It would seem, therefore, more reasonable to disregard the expression "dividing the waters of the Arkansas and Platte" than "The northwest corner."

If the point of beginning or any other call is ascertained the course will be extended or changed to meet the call. *Tison v. Smith,* 8 Tex. 147; *Marsh v. Ne-ha-sa-ne Ass'n.,* 42 N. Y. Supp. 996; *Cowles v. Reavis,* 109 N. C. 417, 13 S. E., 930. The course on the summit should therefore be continued to meet the call for the point of beginning at C.

We are convinced that this conclusion is the correct one by the Acts of 1868, R. S. 1868, p. 162, and 1872, S. L.

1872, p. 82, redescribing Lake County by metes and bounds which close thus:

"To the summit of the range which divides the waters of the Platte and Arkansas rivers along the summit of the range and western boundaries of the counties of Fremont and Park in a northwesterly direction to the point of beginning."

This description stands as the law in our statutes today. Compare R. S. 1908, § 1116. It does not limit the final course to the range dividing the Platte and Arkansas but permits us to follow the western boundary of Park county, and so justifies us in continuing and therefore requires us to continue the course on the summit of the range to C.

There are other arguments on both sides of which we consider those of Lake rather the better but we do not discuss them, because none of them is conclusive and because we think that the above considerations control the case. The judgment is affirmed.

MR. JUSTICE TELLER dissents.