Henderson, Chief-Justice.
 

 We have in questions of boundary, given to the single declarations of a deceased individual, as to a line or corner, the weight of commori reputation, and permitted such declarations to be proven ; under the rule, that in questions of boundary, hearsay is evidence. Whether this is within the spirit and reason of the rule, it is now too late to inquire. It is the well established law in this state. And if the propriety of the rule was now
 
 fes integró*
 
 perhaps the necessity of the case, arising from the situation of our country, and the want of self-evident
 
 termini
 
 of our lands would require its adoption. For although it sometimes leads to falsehood, it more often tends to the establishment of truth. From necessity we have in this instance sacrificed the principles, upon which the rules of evidence are founded. But we have never, as far I know, permitted the declaration of the owner of the land, however ancient, to be used in bebalf of those claiming under him, or even of those claiming the same land under a different title. We have also received private deeds and mesne conveyances, calling for the line of another tract, when of ancient date, so that the parties to them could •not be produced, as evidence of boundary, under tlieidea that they are common reputation.
 
 J1 fortiori
 
 should grants from the state be admitted ; for they are something more than the declaration of private individuals. They are the declarations of the public surveyor, whose duty it is to call for and survey, by old and former lines, and note them in his plot; although in practice we know, that his description is very frequently taken from the caterer. But grants are stronger evidences than deeds between individuals,
 

 I apprehend however,, that in no case, in analogy to the rule, excluding the declarations of the owner, would the deed of or even a grant to the owner, calling for the lines of another tract, be admitted in favor of one claiming under that grant or deed, or even in favor of
 
 *343
 
 one claiming under another grant, calling for the lines of that made at the time, when such party to the deed or grant w'as owner of the other tract. - But this case goes. even farther than one deed calling for the lines of another tract, as pre-existing lines. For the judge instructs the jury, even if they were satisfied, that the marked line was in fact made for the grant to
 
 (Vhitfidd.
 
 (that is, the junior patent, and the one under . which the plaintiff claimed, and who insisted on its description as evidence,) it was a circumstance which'.they had a right to consider in connexion with other circumstances, in ascertaining the true line of the grant to
 
 tiento n
 
 ( that is, the defendant’s,) in the absence ‘of all proof, that there was then, any dispute as to the true line of the latter grant. This is making a line where none was before, by the mere act of a party claiming it to be the true line, and making evidence for himself, more emphatically than by declaring what a thing is, which is already in existence. As to there being then no dispute about it,
 
 this rule relates to hearsay from any one,
 
 and excludes it, if
 
 post litem motam.,
 
 coming
 
 from any one ;
 
 but never lets in the declaration of the
 
 party,
 
 made at any time, whether
 
 post
 
 or
 
 ante litem motam.
 

 Upon the first point to dismiss the suit, we have nothing to do. On the second, with regard to the will, the judge was clearly right, for the reasons which he gave.
 

 Per Curiam. — Judgment reversed.