Ruffin, Chief Justice.
 

 — The question o'f boundary arises upon the patent to John Graham, dated the 24th November, 1813. The dispute is, how far the second line, which runs from the chestnut and red oak, shall go. The Court held that it stopped at the end of the distance; while for the defendant it is contended, that it shall be extended thirty poles further, so as to make it reach the line of another tract of the patentee; or, at all events, until it intersects with the next line reversed, from the post oak called for as the corner of Beard and the patentee, that, corner
 
 *78
 
 being identified. This Court concurs in the construction of his honour.
 

 There is but one principle applicable to questions of this sort. If there be but one description in the deed, that is to be strictly adhered to. If there be more than one, and they turn out, upon evidence, not to agree, that is to be adopted which is most certain. Course and distance from a given point, is a certain description in itself; and therefore is never departed from unless there be something else which proves that the course and distance stated in the deed, was thus stated by mistake. It has been held, that a tree called for, and found not corresponding to the course and distance, establishes the mistake, and is itself the terminus. So of the line of another tract of land. But if the tree be not found, nor its former situation identified, it is the same, as if the call for it, had been omitted; for there is then no guide but the course and distance. Such is the case here; no tree being found, nor its locality proved, otherwise than it is shown by the deed to have stood at the end of a line of a certain length. The description is therefore the same, as if the call had been for a stake, or an imaginary point, at
 
 the
 
 end of the distance; unless, the reference to the patentee’s other line controls it.
 

 The call is not for that line, or for a tree in it, but to one
 
 near
 
 it. The argument is, that, as it cannot be told how near, we must go to it. The argument would be strong, if the call had been simply for a black oak near the line, as in the case supposed by the counsel, of a description
 
 beginning
 
 at a stake or tree, not found, near the middle of a field. There would be no point but the middle of a field to govern; and rather than the deed should be void for uncertainty, that would be adopted. But if the words of the deed were “ beginning at a stake near the middle of the field, and
 
 standing one hundred poles east from a certain tree,”
 
 it would be different; because the former uncertainty, as to the point in the field, which is the beginning, is removed by the mathematical certainty to be attained by mensuration from the other point given. That is precisely the case before us. The call is not merely for
 
 *79
 
 a black oak near the other lines, but that black oak is represented as standing N. 45° West, two hundred and twenty poles from a chestnut and red oak, which are found: ... . . ... . . ,. which removes the uncertainty, which, without any distance given, we should feel upon the point,
 
 how near
 
 the line of the other tract is to be approached.
 

 So with reversing the lines. The party cannot have recourse to that method of ascertaining a previous line in the order of the description, unless, by reversing, he gives a more certain means of identifying the prior line, than the deed gives in its description of that line itself. The natural order of survey, is that, which the deed shows the parties to the deed adopted to identify to their own satisfaction, the land, intended to be conveyed by the one to the other. It may be considered as their directions, how the identity shall be established by survey, at any future time, and it supposes certain points, as the beginning, to be established. If, therefore, the description of a particular line be complete in itself, the Court cannot vary from that description, because it will not correspond with the description of a posterior line, unless the description of the latter be more specific than the former, and unless from the latter, a mistake in the former can be clearly inferred. For example : if this deed had said that the line from the corner chestnut and red oak, ran to a black oak near the paten-tee’s other line, and gave neither course nor distance, or only one, “and
 
 thence
 
 N. 45° East, two hundred and twenty poles, to a post oak, his own and Beard’s corner,” the line might be reversed from the post oak, to ascertain the corner of that, and the next preceding line, because • that affords the only evidence (the black oak not being found, or its locality otherwise identified,) of the point at which the one line terminated, and the other began. So if even upon such calls as the present deed contains, aline of marked trees were found, by tracing the line back from the post oak, corresponding with the survey for the three hundred acre patent, that might carry the other line to the point of intersection, because it would prove an actual survey, and be the evidence of permanent natural objects to show where the black oak once actually
 
 *80
 
 stood; which wherever it stood, would be the terminus, and control the distance mentioned in the deed. But there is no such evidence in this case; and in the absence of it, there is nothing more to show that the mistake was made in the description of tthe second line, than that it exists in that of the third line. A mistake was certainly made in the one or the other; in which is the question. The one line has a certain beginning, and the other has a certain ending, and they meet at the same point, and that point of meeting is uncertain. It cannot be rendered more certain by running to it, from either of the given points; and therefore we are not at liberty to resort to the description of the latter line, to control that of the prior line, but must lay down the prior one from its own description. Because it is prior, it controls the next line; since that begins, where the other ended.
 

 An effort was made to show from the deeds, of which copies form part of the case, that the land sold and conveyed by the sheriff to the lessor of the plaintiff, are not the same that he levied on. If that were true, the sale would be void as far as depended on the writs of
 
 venditioni exponas;
 
 and it would be proper to consider the answer to the objection founded on the writs of
 
 fi.fa.
 
 But we have not examined it; because the case stated in the exception affirms, that the sheriff’s deed answers to the calls of the levies, and includes the field in the defendant’s possession. Now although the deed and levies are stated in the record to form part of the case, and therefore if they showed that the statement of the fact in the exception was founded on mistake, this Court might decide according to the truth, as collected from the whole case; yet it must be presumed that the case stated is correct in point of fact, and it is impossible without the aid of further evidence and surveys, for the Court here to ascertain whether it be or be not correct.
 

 No observation upon the point of fraud in the bidding can be necessary, in addition to that of his honour. If there was a fraud, it was on Collins, and does not concern the defendant, from whom no evidence of it ought to have been heard.