Nash, J.
 

 The action is ejectment. The plaintiff claims under a grant issued by the State to him in 1848, which oovers the
 
 locus in quo.
 
 The defendant introduced a grant from the State to David McGhee, dated in 1788, which commenced at the index in the plat and ran around
 
 to
 
 figure 3. Its call is for a line thence west, crossing Beaver’s Creek to a Hickory corner on said Creek; then South to the beginning. The defendant then gave in evidence a conveyance from David McGhee to his son Bluford Mc-Ghee, under whom she claims. This deed for the northern part of the Patent, has its calls for a chesnut tree on the top of the Low mountain, and run around to the corner of the grant at the figure 3; and it calls thence west to the corner, a Hickory ; then South to the beginning. A grant from the State to Bluford McGhee, dated in 1818, was then ex
 
 *333
 
 hibited. The calls of that grant are, “lying on Beaver’s Creek, beginning on a Hickory on the hill-side, west of the field, being Ellison’s, now Horton’s, Hickory
 
 corner
 
 — in
 
 said McGhee’s own line ;
 
 then west with Ellison’s line 62 poles to a gum, poplar and a white-oak on a ridge ; then south to a stake
 
 in his own line near the conditional corner ; then north xoiih his old line
 
 to the beginning.” It is evident from these calls in the two grants to the McGhees, and the mesne donveyance to Bluford, there is no vacant land between the two former. The plaintiff contends, that the third line of the old grant stops at the letter D. on the diagram, and runs a direct course to the letter C.: the defendant, that it continues on to A., and then a direct course to the index. • To the present enquiry it is not important at which of the two points the true
 
 terminus
 
 is; for, the closing line from that point to the index must be the boundary or line of the grant of 1788;
 
 Hough
 
 v
 
 Horn,
 
 4 Dev. and Bat. 228. The grant to Bluford McGhee calls for a beginning in his own line and closes the third line at a stake in his old line, and makes the old line his closing line. His father had in 1808 conveyed to him the northern part of his grant, and the third line runs “ west to the corner, a hickory” — evidently meaning the hickory, which is the
 
 terminus
 
 of the third line of the grant, and then to the beginning. The surveyor proves, that the conditional corner mentioned in the conveyance to Bluford McGhee and called for in his grant, was near to, the letter H. in the plat, and nearly on the line A. B.. Where a grant calls for the line of an older grant, the rule is, that it must go to it, unless a natural object or a marked tree is called for, and before the calls of the junior grant can be ascertained, those of the elder must be located. This is established by many decisions;
 
 Miller
 
 v
 
 White,
 
 2 Hay. 160, - v
 
 Heritage, 2
 
 Hay. 327,
 
 Bradbury
 
 v
 
 Hooks,
 
 N. C. T. Rep. 1,
 
 Tate
 
 v
 
 Southard,
 
 1 Haw. 45. Now it is claimed by the plaintiff, that the closing line of the old grant runs from D., either
 
 *334
 
 to the index or to the letter C. If so, the closing line of Bluford’s grant must go to the same; for, by the conveyance to him in 1808, the same line is called for.
 

 No error is perceived in the charge of the Court, and judgment is affirmed.
 

 Per Curiam. Judgment affirmed.