M. HANSTEIN v. T. M. FERRALL et al.

(Filed 25 November, 1908).

1. **Deeds and Conveyances—Parol Evidence—Locating Calls—Questions for Jury.**

The description in a deed conveying a town lot as follows: "beginning at a stake on W. street, said town, 27 feet 6 inches from N. W. corner of C. T. B. lot, on the same street, and runs N. 41, W. about 25½ feet to Sycamore street; thence with Sycamore street S. 48, W. 117½ feet; thence S. 41, E. about 25½ feet, etc., is adequate and sufficient, and where, in connection with such deed, there is testimony to the effect "that plaintiff had built ·his present brick store along Sycamore ·street and fronting Wall street, and the wall of such store above the ground was seven inches into Sycamore street, and this infringement on Sycamore street had been satisfactorily adjusted with the town authorities," this evidence furnished data from which

the second corner called for in plaintiff's deed, to-wit: the intersection between Wall and Sycamore streets, could be given a physical placing, to-wit: at a point seven inches short of the wall of the brick store, and required that the question of the correct location of plaintiff's deed should be submitted to the jury.

**2. Deeds and Conveyances — Boundaries — Recognition — Acquiescence.**

Recognition of and acquiescence in a line by the owners and occupants of adjoining lots as the true boundary line, is evidence of the true boundary line in cases when the correct divisional line is not otherwise clearly defined and established.

**3. Same—Nonsuit.**

While recognition of and acquiescence in a division line may not, as a rule, justify a departure from the true dividing line, when otherwise clearly established; when it is not so established, and plaintiff claims that defendant has built beyond it upon his land, evidence on the question of boundary is sufficient to go to the jury which tends to show, that upon each of the adjoining lots of plaintiff and defendant there had formerly been two wooden stores, subsequently destroyed by fire, so close together that their eaves had the same drip, causing the same trench on the ground by waters falling from them, that, to ascertain the correct dividing line, plaintiff had measured the distance between the brick pillars along the middle of the line caused by the common drip, and that the brick building then constructed by him without objection from defendant's grantor, had its walls on his own land twelve inches back from the line as ascertained; and in such case an order of nonsuit for want of any evidence of location was erroneous.

ACTION tried before *Neal, J.,* and a jury, February Term, 1908, of SAMPSON, to recover lands claimed to have been wrongfully appropriated by defendant to his own use in building beyond the dividing line of adjoining property of the parties.

At the close of plaintiff's testimony, on motion duly entered, there was judgment as of nonsuit under the Hinsdale Act, and the plaintiff excepted and appealed.

*F. R. Cooper* and *Faison & Wright* for plaintiff.
*George E. Butler* for defendants.

149—16

HOKE, J.   As we understand, the nonsuit was ordered, be-
cause, in the opinion of the lower Court, the evidence offered
as to the location of plaintiff's deed was not sufficient to jus-
tify or permit the submission of that question to the jury.
The answers of the defendants admit that the plaintiff owned
the lot covered by the deed, which is set out in the complaint,
and contains in part the following description:

"A certain lot or parcel of land in the town of Clinton,
Sampson County, N. C., described as follows: Beginning at
a stake on Wall street, in said town, 27 feet and 6 inches
from the N. W. corner of the C. T. Butler lot, on the same
street, and runs N. 41 W. about 25½ feet to Sycamore street;
thence with Sycamore street S. 48 W. 117½ feet; thence
S. 41 E. about 25½ feet, etc., the same being the corner lot
at the intersection of Wall and Sycamore streets."

And the plaintiff, a witness in his own behalf, testified as
to his present brick store built along Sycamore and fronting
on Wall street, among other things, "that the wall of his
brick store, now on the lot above the ground, was 7 inches
into Sycamore street; and this infringement on Sycamore
street had been satisfactorily adjusted with the authorities of
the town."   This evidence of itself would require that the
question of location should be passed upon by the jury, for
it furnished data from which the second corner called for in
plaintiff's deed, the intersection of Wall and Sycamore streets,
could be given a physical placing, to-wit, at a point 7 inches
short of the wall of plaintiff's brick store; for, while the more
correct way to locate plaintiff's deed would be to establish the
beginning corner "at a point on Wall street 27½ feet from
the N. W. corner of the C. T. Butler lot," and then run ac-
cording to the course and calls of the deed, in the absence of
evidence offered or available as to the placing of this begin-
ning corner, under the description as expressed in the deed,
the location could proceed from this second corner if its
placing was fixed and determined, the description to be run

from this point according to the course and calls of the deed, *Lindsay v. Austin,* 139 N. C., 463; *Duncan v. Hall,* 117 N. C., 443, unless a greater certainty of identification could be obtained by reversing the first call and ascertaining the beginning corner in that way, which method is sometimes allowable. *Norwood v. Crawford,* 114 N. C., 513; *Dobson v. Finley,* 53 N. C., 495.

In the present case the result would seem to be the same, whether the one method or the other were adopted, but in either case the testimony, if believed by the jury, afforded data from which the location of plaintiff's deed could have been legally determined. Again, the evidence tended to show that the lots occupied and claimed by plaintiff and defendants adjoined each other, and both were formerly owned by T. M. Lee, deceased; that said Lee had constructed two wooden store buildings on these lots, and his heirs had conveyed one of these and the corner lot to one J. H. Stevens, who had later conveyed to plaintiff, and the other the heirs had sold to defendant, and the same was held under a bond for title pursuant to the contract of sale; that these store buildings, built so close together that their eaves had the same drip, and the water falling caused one and the same trench on the ground between them, were destroyed by fire, and the plaintiff in preparing to rebuild his present brick store, and, in order to ascertain the correct dividing line between the lots, had measured the distance between the brick pillars of the two stores, which remained standing after the fire, and staked a line midway of this distance and along the middle of the trench caused by the common drip from the eaves of the two stores. That plaintiff had started the foundation of his present store below the ground four inches back from the line indicated, and above the ground had drawn the wall eight inches further back, making the outside of plaintiff's wall above the ground twelve inches back from the line ascertained and marked in the manner above stated.

We are of opinion that this is proper evidence to be submitted to the jury on the question of location, tending, as it does, to show, on the part of the owners and occupants of these lots, recognition of this adopted line and acquiescence in it as the true divisional line between them. The doctrine by which this testimony is held to be relevant to the inquiry is thus stated in 5 Cyc., p. 940: "Recognition of, and acquiescence in a line as the true boundary line of one's land, not induced by mistake, and contained through a considerable period of time, affords strong, if not conclusive, evidence that the line so recognized is the true line."

And, while such recognition and acquiescence may not, as a rule, justify a departure from the true dividing line when otherwise clearly defined and established, the authorities cited fully justify this statement of the doctrine as applied to the facts presented on this appeal. *Davidson v. McD. Arledge,* 97 N. C., 172; *M. E. Society v. Akers et al,* 167 Mass., 560.

There was error in the order dismissing the action, and the cause will be restored to the docket for trial according to the course and practice of the Court.

Reversed.