GARFIELD THOMAS v. L. H. HIPP, GEORGE DICKENS AND FRED HARRIS.

(Filed 3 November, 1943.)

1. **Boundaries §§ 10, 11—**

In a processioning proceeding to establish the true boundary line between adjoining landowners, the burden of proof is on plaintiff and it is error for the trial court, in the absence of an agreement by the parties that one of two designated lines is the true line, to charge the jury to answer the issue in favor of that one of such lines as they find is supported by the greater weight of the evidence.

2. **Boundaries §§ 1, 11—**

What constitutes the dividing line between adjoining landowners is a matter of law, but the true location of the line must be settled by the jury under correct instructions based upon competent evidence.

3. **Boundaries § 9a—**

A junior deed is incompetent to locate a corner or line in a senior instrument.

4. **Adverse Possession § 9a—**

A deed which is inoperative because the land intended to be conveyed is incapable of identification, from the description therein, is inoperative as color of title.

5. **Adverse Possession § 17—**

The party asserting title by adverse possession must carry the burden on that issue.

APPEAL by defendant Hipp from *Sink, J.*, at January-February Term, 1943, of LEE.

Processioning proceeding instituted 25 September, 1937, to establish the boundary line between adjacent lands of petitioner and the defendant, L. H. Hipp. The pertinent facts are in substance as follows:

1. Petitioner alleges that he is the owner in fee and in possession of a certain tract of land in Deep River Township, Lee County, N. C., adjoining the right of way of the Seaboard Air Line Railway Company

and the land of the defendant, and described as follows: "Beginning at Hipp's corner on the Western edge of the S. A. L. Ry. right-of-way, and running thence as Hipp's and George Dickens' lines N. 87 W. 29.40 chains to Dickens' and Fred Harris' corner in a road; thence S. 1¼ W. as the Bryant line 15 chains to an iron stake in a field; thence S. 87 E. 20 chains to a stake in the Western edge of said R. R. right-of-way; thence northward as said right-of-way to the Beginning, containing 37 acres, more or less."

2. The aforesaid land was conveyed to plaintiff by C. B. Crutchfield and wife, 10 March, 1924, and the deed duly recorded as provided by law.

3. Petitioner alleges "That the defendant Hipp, whose lands adjoin petitioner's lands on the North, is claiming an interest in said lands of petitioner by reason of the location of the northermost or first line as set out in the above description, his said claim being that the said line is southward of its true course as set out in said description."

4. O. E. Seawell and wife conveyed to L. H. Hipp, on 18 August, 1912, which conveyance is duly recorded as provided by law, a tract or parcel of land situate in Deep River Township, Lee County, N. C., adjoining lands of S. W. Womble and E. F. Watkins, and described as follows: "Beginning in the western edge of the S. A. L. Railroad right-of-way, and running thence with said right-of-way N. 33 E. 6.15 chains to a stake; thence N. 58 W. 5.78 chains to a stake; thence N. 13 W. 8.68 chains to a stake near the road; thence W. 17.20 chains to a stake; thence S. 16.34 chains to a stake; thence East 21.80 chains to the beginning, containing 34½ acres, excepting 2 acres, etc."

5. The southeast or beginning corner of the Hipp land is also the beginning corner designated in the plaintiff's deed. The last call in the description of the Hipp land, to wit, E. 21.80 chains to the beginning, is the northern line of plaintiff's land which adjoins the land of defendant Hipp, and is the first call in plaintiff's deed, which runs with Hipp's and Dickens' line, but is given a bearing of N. 87 W. 29.40 chains to Dickens' and Fred Harris' corner. Hence, the southern line of the Hipp land is the northern line of plaintiff's land.

6. Maps showing certain surveys of the properties, including larger tracts of land out of which the tracts of the plaintiff and defendant Hipp were carved, were used in the trial below and said maps were forwarded with the record to this Court. One of the maps was made by J. W. Blanchard, Surveyor, Rosehill, N. C., in April, 1942, by order of the court, and is designated "Court Survey." Three lines appear on the Court Survey as dividing lines between the lands of the plaintiff and the defendant Hipp. The Court Surveyor ran the respective lines shown on the Court map, as follows: (1) By beginning at a point designated A, the termination of the first call in plaintiff's deed, and thence

from A to a point designated G., in western edge of right of way of S. A. L. Railway Co., a distance of 50 feet from the center of said railroad, by reversing the course in the first call in the plaintiff's deed, to wit, S. 87 E., without variation. The court in its charge to the jury refers to this line as No. 1. (2) The line designated as A. to 7 on the Court map was run by reversing the course in the first call in plaintiff's deed, beginning at A the termination of said call and thence S. 86.25 E. to a point designated "7" in the western edge of the right of way of the S. A. L. Railway, and 50 feet from the center of said railroad, which allowed a magnetic variation since the date of the execution of plaintiff's deed in 1924. The court in its charge refers to this line as No. 2. (2) The dotted line from A. to a point designated as "12," a point only 25 feet from the center of the railroad of the S. A. L. Railway Co., showing a magnetic bearing of N. 83.30 W., which is the true boundary line between the property of plaintiff and defendant Hipp, according to the contentions of defendant Hipp, was referred to by the court in its charge as "The third line."

7. Issues were submitted and answered as follows:

"1. What is the true dividing line between the lands of the plaintiff and the land of the defendant Hipp? Ans.: 'Line No. 2.'

"2. Has the plaintiff trespassed on the lands of defendant Hipp, as alleged in his answer? Ans.: 'No.'

"3. What damages is defendant Hipp entitled to recover therefor? Ans.: 'None.'

"4. Is the defendants' claim for damages, as alleged in his further answer and counterclaim, barred by the three-year statute of limitation, as alleged by the plaintiff? Ans.: ............"

Judgment was signed accordingly. Defendant L. H. Hipp appeals, assigning error.

*T. J. McPherson and Gavin & Jackson for plaintiff.*
*K. R. Hoyle for defendant.*

DENNY, J. The appellant excepts and assigns as error the following portion of his Honor's charge: "The law says that when you have weighed all of the testimony and evidence in this case in the scales of justice, Thomas' contentions, evidence and testimony upon the one side and Hipp's contentions, evidence and testimony on the other, if the scales shall be tilted downward in favor of Thomas upon the first issue, then it would be your duty to answer the issue either the first line or the second line, as you may find the facts in that degree to indicate."

We think the exception well taken, since there was no agreement between the parties that the true boundary line between the adjoining

lands of the plaintiff and the defendant Hipp was one of the three lines designated on the map made by the ·Court Surveyor as was the case in *Boone v. Collins,* 202 N. C., 12, 161 S. E., 543; *McCanless v. Ballard,* 222 N. C., 701, 24 S. E. (2d), 525. In a processioning proceeding to establish a boundary line, which is in dispute, what constitutes the dividing line is a matter of law, but the true location of the dividing line must be settled by the jury under correct instructions based upon competent evidence. *Greer v. Hayes,* 216 N. C., 396, 5 S. E. (2d), 169; *Greer v. Hayes,* 221 N. C., 141, 19 S. E. (2d), 232; *Huffman v. Pearson,* 222 N. C., 193, 22 S. E. (2d), 440; *McCanless v. Ballard, supra.*

It will be noted in the statement of facts that the Court Surveyor, in running the two lines shown on the Court map, which are most favorable to the plaintiff, ran both lines from the point designated A, the termination of the first call in plaintiff's deed, by reversing said call. In running line A to G., designated by the court as line No. 1, the most favorable line to the plaintiff, the Surveyor made no allowance for magnetic variation. In running line A. to 7, the next most favorable line to the plaintiff, designated by the court as Line 2, the Surveyor made allowance for magnetic variations since 1924, the date of the execution of plaintiff's deed. .

The plaintiff's deed, being a junior instrument and calling for a corner in the Hipp land as the beginning corner, and running thence with the line of the Hipp land, is incompetent as evidence to locate the corner or the line referred to and described in the deed previously made to the defendant, L. H. Hipp. *Euliss v. McAdams,* 108 N. C., 507, 13 S. E., 162; *Sasser v. Herring,* 14 N. C., 340; *Corn v. McCrary,* 48 N. C., 496. Also we find that in the case of *Dula v. McGhee,* 34 N. C., 332, the Court said: "Where a grant calls for the line of an older grant, the rule is, that it must go to it, unless a natural object or a marked tree is called for, and before the calls of the junior grant can be ascertained, those of the elder must be located. This is established by many decisions; *Miller v. White,* 2 Hay., 160; ..... .......... *v. Heritage,* 2 Hay., 327; *Bradbury v. Hooks,* N. C. T. Rep., 1; *Tate v. Southard,* 1 Haw., 45."

In the instant case, however, an examination of the description contained in the deed executed in 1912 to the defendant Hipp, will disclose that the description begins in the western edge. of the S. A. L. Railway right of way and continues with courses and distances to stakes, thence to the beginning. A stake is an imaginary point. The beginning is somewhere in the western edge of the right of way of the S. A. L. Railway Company, but where is unknown. It does not appear from the description in the record that the southern boundary line of the Hipp land can be definitely located which may remit the defendant Hipp to a claim for title by adverse possession. *Mann v. Taylor,* 49 N. C., 272; *Deaver v.*

*Jones,* 114 N. C., 649, 19 S. E., 637; *Holmes v. Sapphire Valley Co.,* 121 N. C., 410, 28 S. E., 545; *Barker v. Railway,* 125 N. C., 596, 34 S. E., 701; *Kennedy v. Maness,* 138 N. C., 35, 50 S. E., 450; *Cathey v. Lumber Co.,* 151 N. C., 592, 66 S. E., 580; *Higdon v. Howell,* 167 N. C., 455, 83 S. E., 807. Whether or not any one or more of the corners called for in the Hipp deed are marked by permanent or known monuments, from which corner or corners the line in dispute may be located, under the maxim, *id certum est quod certum reddi potest,* is not presented on this record, and therefore the question is not decided. *N. C. Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889; *Duckett v. Lyda, ante,* 356, 26 S. E. (2d), 918; *Peel v. Calais, ante,* 368, 26 S. E. (2d), 916.

A deed which is inoperative because the land intended to be conveyed is incapable of identification, from the description therein, is inoperative as color of title, *Katz v. Daughtrey,* 198 N. C., 393, 151 S. E., 879; hence, if the defendant Hipp is remitted to a claim for title by adverse possession to establish his line which is in dispute, the adverse possession must have been for twenty years prior to the institution of this proceeding. The defendant's southern line wherever established, whether from the description in his deed or by adverse possession for the required statutory period, will constitute the northern line of plaintiff's land and the true dividing line between the adjoining lands of the plaintiff and the defendant. Hipp. However, the burden being on the plaintiff to establish the true dividing line between the adjoining land of the plaintiff and the defendant Hipp, and it not appearing from this record that the southern boundary line of the Hipp land can be definitely located from his deed, the plaintiff may make out a *prima facie* case for the consideration of the jury upon competent evidence as to the location of the true boundary line as called for in his deed by a reverse survey of the course and distance of the first call in said deed, which calls for a known and established corner. *Jarvis v. Swain,* 173 N. C., 9, 91 S. E., 358; *Land Co. v. Lang,* 146 N. C., 311, 59 S. E., 703; *Dobson v. Finley,* 53 N. C., 498. In determining the location of this line, proper magnetic variations since 1924 should be allowed. But, as stated above, the location of the boundary line as called for in the junior deed will not be controlling if the true location of the boundary line can be ascertained from the Hipp deed or by the adverse possession of the defendant Hipp of the land intended to be conveyed to him in the deed executed in 1912. If, however, the true boundary line between the adjoining lands of the plaintiff and the defendant Hipp cannot be established from the description in the Hipp deed or by the adverse possession of the defendant Hipp, south of the course called for in the first call of plaintiff's deed, the

course and distance as given in plaintiff's deed may prevail. *Lumber Co. v. Bernhardt,* 162 N. C., 460, 78 S. E., 485.

The party asserting title by adverse possession must carry the burden on that issue. *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381.

For the reasons stated, we think there should be a new trial; however, we suggest a recast of the pleadings so as to present the question of adverse possession to the jury should the submission of such an issue become necessary.

We deem it unnecessary to discuss the other assignments of error, since they may not arise on another trial.

New trial.