ANNANIAS CORNELISON AND HIS WIFE, LILLIE CORNELISON, v. MADISON HAMMOND AND HIS WIFE, TURA HAMMOND.

(Filed 13 December, 1944.)

**1. Boundaries § 9—**

Plaintiffs in a processioning proceeding, G. S., ch. 38, are bound by the call in their deed for a named corner whether it be marked or unmarked.

**2. Same—**

When a beginning corner, monument or landmark, either natural or artificial, has been lost or destroyed, or its location is uncertain, and the terminus of the first call is admitted or established, the first call may be reversed in order to find the beginning. But when, as here, the objective is the location of a lost corner of another tract called for as plaintiffs' beginning point, plaintiffs, being unable to locate the corner without resort to this rule, must look to the deeds establishing the corner for proof. Nothing else appearing, the calls and distances, in the senior description of which such corner is a part, are controlling.

**3. Same—**

Resort may not be had to a junior conveyance for the purpose of locating the corner or line referred to or described therein as being established by a previous deed or grant. Before the calls of the junior grant can be ascertained, those of the elder must be located and recourse cannot be had to the junior grant for that purpose.

APPEAL by defendants from *Bobbitt, J.,* at July Term, 1944, of RANDOLPH. New trial.

This is a processioning proceeding under G. S., ch. 38; C. S., 361 *et seq.,* to locate a disputed boundary line between adjoining property owners.

Defendants own land to the west and south of the tract owned by plaintiffs. It is alleged that there is a dispute as to the beginning point at the southwest corner of plaintiffs' land and a controversy over the location of the western and southern lines of plaintiff's tract.

The plaintiffs contend that the beginning point is at Black A on the map and that the western line extends northerly to Black B. The de-

fendants contend that the corner is at Red A and extends northerly to Red B. The controversy over the southern line centers entirely in the location of the corner. The jury fixed Black A as the beginning point and Red B as the northern terminus of the western line. From judgment on the verdict defendants appealed.

*J. G. Prevette for plaintiffs, appellees.*

*J. A. Spence for defendants, appellants.*

BARNHILL, J. The deed of plaintiffs calls for the Hammond corner as the beginning corner and the Hammond deed refers to the same point as the W. B. Lassiter corner. Location of this beginning point is the primary issue. When that is established, the location of the line will become routine.

The court held that there was no sufficient evidence that the pine at Black A, relied on by plaintiffs as the corner, is in fact a marked corner and so instructed the jury. It then gave these further instructions:

"The Court instructs you that Black E is the terminus of the first call in the deed from W. B. Lassiter to Cornelison; so the Court instructs you that in the absence of evidence tending to show a different location of the Hammond-Cornelison corner, originally the Hammond-Lassiter corner, that you would locate the beginning corner by reversing the first call in the deed from Lassiter to Cornelison . . .

"That deed calls 'Beginning at a pine, M. Hammond's corner, thence East on Hammond's line 14.14 chains to a stake on the west bank of the branch in said line;' and reversing that call and starting from the admitted corner E, and running west on Hammond's line, you would under those circumstances, go a distance of 14.14 chains to ascertain the location of the beginning point in the description, in the absence of evidence tending to show the beginning corner or the disputed corner being at a different location . . .

"Now, if you find from the evidence and by its greater weight that, by reversing the first call in the deed from Lassiter to Cornelison and running West from the established corner at (Black) E, 14.14 chains along the Hammond line, that would take you to Black A, then the court instructs you that Black A would constitute the beginning corner, unless you find from other evidence in the case that the Cornelison-Hammond corner, originally the Lassiter-Hammond corner, has its actual location at the south terminus of a marked line extending from Red B to Red A, in which event the actual location of the corner, if you find that there was such a corner at the south terminus of this line from Red B to Red A would control."

These instructions clearly permit and direct the jury to reverse the first call in a junior deed in order to establish a point fixed in a senior conveyance. It must be held for error.

The plaintiffs are bound by the call in their deed for the Hammond or Lassiter corner whether it be marked or unmarked. *Corn v. McCrary,* 48 N. C., 496; *Bowen v. Gaylord,* 122 N. C., 816; *Lumber Co. v. Hutton,* 159 N. C., 445, 74 S. E., 1056; *Lee v. Barefoot,* 196 N. C., 107, 144 S. E., 547; 8 Am. Jur., 783, 785, 786, 789.

When a beginning corner, monument or landmark, either natural or artificial, has been lost or destroyed, or its location is uncertain, and the terminus of the first call is admitted or established, the first call may be reversed in order to find the beginning. *Dobson v. Finley,* 53 N. C., 495; *Norwood v. Crawford,* 114 N. C., 513; *Clark v. Moore,* 126 N. C., 1; *Hanstein v. Ferrall,* 149 N. C., 240; *Land Co. v. Lang,* 146 N. C., 311; *Gunter v. Mfg. Co.,* 166 N. C., 161, 81 S. E., 1070; *Jarvis v. Swain,* 173 N. C., 9, 91 S. E., 358; *Cowles v. Reavis,* 109 N. C., 417; *Marshall v. Corbett,* 137 N. C., 555; *Lindsay v. Austin,* 139 N. C., 463.

But when, as here, the objective is the location of a lost corner of another tract called for as plaintiffs' beginning point plaintiffs, being unable to locate the corner without resorting to this rule, must look to the deeds establishing the corner for proof. Nothing else appearing, the calls and distances in the senior description of which such corner is a part are controlling.

The corners and boundaries of an earlier grant cannot be controlled by a later grant. *Tucker v. Satterthwaite,* 123 N. C., 511. Resort may not be had to a junior conveyance for the purpose of locating the corner or line referred to or described therein as being established by a previous deed or grant. Before the calls of the junior grant can be ascertained, those of the elder must be located and recourse cannot be had to the junior grant for that purpose. *Harry v. Graham,* 18 N. C., 76; *Dula v. McGhee,* 34 N. C., 332; *Corn v. McCrary, supra; Euliss v. McAdams,* 108 N. C., 507; *Hill v. Dalton,* 136 N. C., 339; *Thomas v. Hipp,* 223 N. C., 515.

So then, on this record, if plaintiffs are unable to establish the Hammond corner by any of the usual methods of direct proof, they may resort to the rule which permits the reversal of the calls in the former senior deeds—first the W. B. Lassiter deed, and if that is unavailing, then the Hammond deed. *Deaver v. Jones,* 119 N. C., 598; *Huffman v. Pearson,* 222 N. C., 193, 22 S. E. (2d), 440.

The court below perhaps was misled by the language used in *Greer v. Hayes,* 216 N. C., 396, 5 S. E. (2d), 169, where it was stated: "As the only other natural object established or attempted to be established was the beginning point, resort must be had to the courses and distances

called for in plaintiff's deed . . ." But, in interpreting and applying the language used in that opinion, it must be borne in mind that there plaintiff's deed was the senior deed.

As the indicated error in the charge is such as to require a new trial, discussion of the questions raised by other exceptive assignments of error is unnecessary.

New trial.