BYNUM COFFEY, CARRIE E. COFFEY AND VIRGINIA C. BURGESS V. TOM GREER, MARY ANN GREER, AND R. T. GREER, GUARDIAN AD LITEM FOR TOM GREER AND MARY ANN GREER.

(Filed 10 December, 1958.)

**1. Appeal and Error § 38—**

Assignments of error not brought forward or discussed in the brief will be deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Boundaries § 5—**

Where the beginning point in the description of one deed calls for the corner of the adjacent tract, such deed has the status of a junior deed for the purpose of ascertaining the beginning corner, notwithstanding

that the deeds to the respective tracts were executed at the same time, and the corner must be established, if possible, from the description contained in the deed to the adjacent tract, and may not be established by the calls in the junior deed, there being no question of adverse possession under color of title.

**3. Trial § 28—**

A peremptory instruction to answer the issue in a designated way will not be held for error when the court immediately thereafter charges the jury to so answer the issue if the jury should find from the greater weight of the evidence the facts to be as all the evidence tended to show.

**4. Boundaries § 7—**

Where, in an action to establish a dividing line between the respective tracts of the parties, plaintiffs offer no competent evidence tending to support the boundary as contended by them, the court properly gives the jury peremptory instructions to find the boundary in accordance with defendants' contentions.

**5. Appeal and Error § 2—**

Even though the assignments of error have not been brought forward and discussed as required by the Rules of Court, the Supreme Court may nevertheless consider the questions discussed when title to realty is involved.

PARKER, J., not sitting.

APPEAL by plaintiffs from *Clarkson, J.,* June Civil Term 1958 of WATAUGA.

This proceeding was originally instituted as an action in ejectment, but upon the evidence adduced in the hearings below it became in effect a processioning proceeding. This cause was heard in this Court on a former appeal at the Spring Term 1955 and the opinion is reported in 241 N.C. 744, 86 S.E. 2d 441.

The pertinent facts may be summarized as follows:

1. The parties claim from a common source, to wit, T. F. Greer, who died intestate on 25 March 1946 seized of a tract of land of which the properties described in the complaint and answer are a part.

2. The lands of T. F. Greer were partitioned among his nine heirs by the execution of partition deeds. On 30 May 1952 the heirs of T. F. Greer conveyed the property described in the complaint to Horace Greer, one of the heirs of T. F. Greer, by deed recorded 23 June 1952 in the office of the Register of Deeds of Watauga County, in Deed Book 71, at page 63. On 16 July 1952 Horace Greer and wife conveyed the said property, consisting of twelve acres, more or less, to Virginia C. Burgess and Carrie E. Coffey, plaintiffs in this action, which deed was recorded on 19 July 1952 in Deed Book 71, at page 107, of the Watauga County Registry.

3. On 30 May 1952 Horace Greer and the other heirs of T. F. Greer conveyed the lands described in the answer, consisting of sixteen acres, more or less, to R. T. Greer, by deed recorded on 21 July 1952, in Deed Book 69, at page 480, in the aforesaid Registry. Thereafter, on 16 January 1953, R. T. Greer and wife conveyed said property to the defendants in this action, which deed was duly recorded in Watauga County on 20 January 1953, in Book 71, at page 63.

4. The description of the tract of land partitioned to R. T. Greer and conveyed to him by deed executed by the other heirs of T. F. Greer and conveyed by him to these defendants is described in both the partition deed and in the deed to the defendants as follows:

"BEGINNING on a stake in old Highway No. 321, corner to Mrs. Rosa Ford tract and runs with said old Highway South 30 West 26¼ poles to a stake in said old Highway; thence crossing bottom South 75½ East 20½ poles to new Highway No. 321; thence up said new Highway South 14 West 7 poles to a stake; thence leaving said new Highway and crossing bottom North 75 West 20 poles to a stake in said old Highway; thence up said old Highway South 11 West 12 poles to a stake in old farm road in front of old residence; thence leaving branch South 63 West 24 poles to a stake on top of the ridge, West of old house spring; thence North 24 West 44 poles to a stake on top of the ridge; thence with ridge, South 84 West 15 poles to a stake on main top of the knob; thence North 5 West 11 poles to corner of the Mrs. Rosa Ford Tract; thence with the line of said tract North 70½ East 22 poles to apple tree; thence North 82 East 16 poles to an ash; thence South 81 East 30 poles to the beginning, containing 16 acres, more or less."

5. The description in the deeds from the heirs of T. F. Greer to Horace Greer and from Horace Greer and wife to these plaintiffs is as follows:

"BEGINNING on a stake in New Highway No. 321, just below old house and corner to the R. T. Greer tract, and runs with the line of said R. T. Greer tract North 75 West 18 poles to a stake in old Highway 321, just below rock house; thence South 11 West 12 poles to a stake in said old Highway, corner to R. T. Greer tract; thence South 63 West 24 poles to a stake on top of the ridge, corner to R. T. Greer tract lot; thence South 17 West 22 poles to a stake in the branch; thence down and with the branch 40 poles to a stake in New River at mouth of a large culvert; thence down said river North 9 East 46 poles to a stake at old bridge; thence North 44 West 6 poles to a stake in center of new Highway 321; thence down said new Highway North 14 East 9¼ poles to a stake, the BEGINNING, containing 12 acres, more or less."

6. At the November Term 1955 of the Superior Court of Watauga County the court appointed L. B. Tyson, a registered Civil Engineer, to survey the perimeter of the defendants' tract of land so as to enable him to locate in said lines the beginning corner of the plaintiffs' land; that after locating the beginning corner, then to survey the perimeter calls of the plaintiffs' land. The surveyor was further directed to show the contentions of the parties in different colors on the official court map. This survey was made on 13 May 1957 and nine copies of the map filed with the court. The plaintiffs' contentions are designated by red lines, and the defendants' contentions by blue lines on said map.

7. The plaintiffs offered evidence to the effect that the red lines on the court map represented their contentions; that after these plaintiffs bought the 12-acre tract of land the stakes referred to in the description could not be found in the back lines of the property. The court surveyor, Mr. Tyson, was offered as a witness by the plaintiffs. He testified on direct examination that he began his survey of the plaintiffs' tract of land at a point designated on the court map as N (on new Highway No. 321 where the plaintiffs contend the beginning corner of their land is located); thence North 75 West 288.78 to a point on old Highway No. 321; thence with the various calls in the deed to the beginning. On cross-examination this witness testified that he ran the contentions of the defendants in accord with the calls in their deed; that the beginning corner of the defendants' land was established by beginning at a known corner, a landmark shown as M on the court map, in the line of defendants' land, and called for in their deed; thence 81 East to point A, the beginning corner in the description contained in the defendants' deed; that the beginning corner in the Rosa Ford tract (Rosa Ford being one of the nine heirs of T. F. Greer and her land was partitioned to her out of the original T. F. Greer tract) was verified by beginning at the same point and plotting the calls in her deed with the calls in the defendants' deed; that beginning with point A as shown on the court map and following the calls in defendants' deed, fixes the Southeastern corner of the defendants' land on new Highway No. 321 approximately 60 or 70 feet South of the point on the new Highway, claimed by the plaintiffs as the beginning corner of their land. The lappage involved by the respective contentions as shown on the court map is 0.466 of an acre.

8. The contention of the plaintiffs as to the correct beginning point on the new Highway No. 321 is designated by a red line on the court map from N to P, that is, the line from the old to the new Highway No. 321, while the defendants contend that the line from D to E designated by a blue line on the court map is the correct dividing line between these respective tracts of land, and that the point designated

as E on new Highway No. 321 on the court map is the beginning point of the plaintiffs' tract of land.

The court submitted the following issue to the jury: "Where is the true location of the dividing line between the lands of the plaintiffs and those of the defendants?"

The parties stipulated that the jury might answer the issue, if it answered it favorable to the plaintiffs, by the letters N to P, and that the red line would control as to the rest of the courses and distances; that if the jury answered the issue favorable to the defendants, it would answer it from letters D to E, and the rest of the blue line would then control. The court gave the following instruction to the jury: "The court is giving you what is known as a peremptory instruction, and is instructing you peremptorily to answer this issue: D to E. So the court instructs you now, gentlemen of the jury, that if you find from the evidence the facts to be as all of the evidence tends to show, and you find by the greater weight of the evidence, then you will answer this issue: From point D to point E."

The jury returned to the courtroom several times and asked for additional instructions. The jury later returned to the courtroom with what purported to be its verdict in the following language: "We the jurors have agreed unanimously in favor of the red line."

The court refused to accept the verdict and repeated the peremptory instruction theretofore given. The jury thereafter returned as its answer to the issue, "D to E," without striking out its former answer. The court accepted the latter verdict and entered judgment accordingly. The plaintiffs appeal, assigning error.

*Louis H. Smith for plaintiff, appellants.*
*Bowie, Bowie & Vannoy, Wade E. Brown for defendant, appellees.*

DENNY, J.   The appellants in the trial below excepted to the rulings of the court in excluding certain proffered evidence, which evidence is set out in the record. Assignments of error Nos. 1 and 2 based on these exceptions are not brought forward or discussed in the appellants' brief. Hence, they will be deemed as abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 221 N.C. 562.

As a matter of fact, the appellants do not bring forward in their brief a single assignment of error or exception on which their assignments of error are based. They do, however, discuss generally and insist that their title is superior to that of the defendants' because their deed was recorded three days prior to the deed of defendants; that the court committed error in giving peremptory instructions to the jury, and in failing to accept the first verdict returned by the jury.

The validity of the plaintiffs' title or the superiority thereof is not involved in this action. The appellants seem to be disturbed over the

statement in the former opinion in this cause to the effect that, "the fact that the description in the plaintiffs' deed calls for a corner in the defendants' land, as its beginning corner, and runs thence with a line of defendants' land, gives the plaintiffs' deed the status of a junior deed notwithstanding the fact that the respective deeds, from the common source, bear the same date." This statement has no particular legal significance except to point out that where the beginning corner of a tract of land is designated as a corner of another tract of land, such corner cannot be established by the calls in the deed which calls for the beginning corner in such other tract. The beginning corner must be established if possible from the description contained in the deed to such other tract of land. *Coffey v. Greer, supra; Goodwin v. Greene,* 237 N.C. 244, 74 S.E. 2d 630; *Bostic v. Blanton,* 232 N.C. 441, 61 S.E. 2d 443; *Belhaven v. Hodges,* 226 N.C. 485, 39 S.E. 2d 366; *Cornelison v. Hammond,* 224 N.C. 757, 32 S.E. 2d 326; *Thomas v. Hipp,* 223 N.C. 515, 27 S.E. 2d 528.

We are not dealing with adverse possession under color of title on this appeal. We are dealing only with the required legal method to locate the beginning corner of the plaintiffs' tract of land. Consequently, on this record, the fact that the plaintiffs' deed was registered prior to the defendants' deed has no bearing whatever on the question involved.

Under our decisions, *the calls in the plaintiffs' deed are not competent as evidence* to establish the location of the corner in the defendants' deed, which is the beginning corner of the plaintiffs' tract of land. *Thomas v. Hipp, supra; Hill v. Dalton,* 136 N.C. 339, 48 S.E. 784; *Euliss v. McAdams,* 108 N.C. 507, 13 S.E. 162; *Corn v. McCrary,* 48 N.C. 496; *Pula v. McGhee,* 34 N.C. 332; *Sasser v. Herring,* 14 N.C. 340.

The appellants' challenge to the peremptory instructions of the court, in our opinion, is without merit. It is true the first sentence of the instruction set out hereinabove, standing alone, is not in approved form for a peremptory instruction. *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 892. However, such instruction was followed immediately, in the very next sentence, by a proper form for a peremptory instruction, leaving it to the jury to determine the credibility and sufficiency of the evidence. Moreover, the plaintiffs do not challenge the correctness of the peremptory instruction as to form.

It is clear on this record that the plaintiffs are relying solely on the calls in their own deed to establish their contentions, together with the further contention that since their deed was recorded prior to the defendants' deed, it is superior in title to the defendants' deed. They take the position, therefore, that since their deed was registered first, the fact that the description in their deed calls for a corner in the

defendants' land as their beginning corner, may be ignored. This position is untenable.

In our opinion the plaintiffs in the trial below did not offer any competent evidence to establish their contentions. On the other hand, the court surveyor, the plaintiffs' witness, did testify on cross-examination with respect to the location of the beginning corner of the plaintiffs' tract of land according to the contentions of the defendants, supported by the calls in their deed and the survey of the defendants' tract of land as shown on the court map.

The plaintiffs offered no evidence challenging the correctness of the defendants' contentions or the correctness of the survey of their tract of land, as shown on the court map, except the calls in their own deed as shown on said map. As heretofore pointed out, the calls in the plaintiffs' deed are not competent as evidence to establish the beginning corner of their tract of land. Therefore, on this record, the plaintiffs were not prejudiced by the peremptory instructions or the refusal to accept the first verdict of the jury. The defendants, who demurred to the plaintiffs' evidence, were entitled to a directed verdict since the plaintiffs failed to offer any competent evidence upon which a verdict in their favor could be sustained. *Spruill v. Insurance Co.,* 120 N.C. 141, 27 S.E. 39; *Barbee v. Scoggins,* 121 N.C. 135, 28 S.E. 259; *Porter v. Armstrong,* 129 N.C. 101, 39 S.E. 799; *Crenshaw v. Street R.R.,* 144 N.C. 314, 56 S.E. 945; *Greer v. Hayes,* 216 N.C. 396, 5 S.E. 2d 169; McIntosh, North Carolina Practice and Procedure, 2nd Ed., Volume II, section 1516, at page 53.

In *Greer v. Hayes, supra,* this Court, speaking through *Barnhill, J.,* later C.J., said: "If the plaintiff is unable to show by the greater weight of the evidence the location of the true dividing line at a point more favorable to her than the line as contended for by the defendants, the jury, as a matter of law, should answer the issue as to the true dividing line in accord with the contentions of the defendants."

We have considered the questions discussed in the appellants' brief as though the assignments of error had been brought forward and discussed as required by the rules of this Court. We have followed this course because the title to property is involved. *Edwards v. Butler,* 244 N.C. 205, 92 S.E. 2d 922.

In the trial below we find no error in law.

No Error.

PARKER, J., not sitting.